IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 12-1461 (LPS) |
| v. | ) ) |
| KONAMI DIGITAL ENTERTAINMENT INC, HARMONIX MUSIC SYSTEMS, INC. and ELECTRONIC ARTS, INC., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT HARMONIX MUSIC SYSTEMS, INC.'S
OPENING BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant Harmonix Music Systems, Inc.*

OF COUNSEL:

Linda J. Thayer
Christopher S. Schultz
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

Patrick J. Coyne
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

February 4, 2013

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND .................................................................................2

III. LEGAL STANDARD .............................................................................................3

IV. ARGUMENT ..........................................................................................................3

    A. Plaintiff Fails to Plead Any Facts to Support a Plausible Claim for Induced Infringement or Contributory Infringement. ............................................3

    B. Plaintiff Fails to Plead the Requisite Knowledge to Support a Theory of Induced or Contributory Infringement. ....................................................6

V. CONCLUSION .......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Technolgies, Inc. v. Limelight Networks, Inc.*,
   692 F.3d 1301 (Fed. Cir. 2012)..................................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................................3, 4

*CyberFone Sys., LLC v. Cellco P'ship*,
   No. 11-cv-827, 2012 WL 1509504 (D. Del. Apr. 30, 2012) .....................................................5

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)..................................................................................................6

*EI DuPont de Nemours and Co. v. Heraeus Holding GmbH*
   1:11-cv-00773, 2012 WL 4511258 (D. Del. Sept. 28, 2012) ....................................................5

*Grobler v. Sony Computer Entm't Am. LLC*,
   No. 5:12-cv-01526, 2013 WL 308937 (ND Cal. Jan. 25, 2013).................................................5

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
   681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................4

*IPVenture Inc. v. Lenovo Ltd.*,
   No. 11-cv-588, 2013 WL 126276 (D. Del. Jan. 8, 2013) ......................................................6, 7

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   No. 11-cv-798, 2012 WL 4340653 (D. Del. Sept. 20, 2012) ..........................................3, 4, 7

*Pecorino v. Vutec Corp.*,
   No. 11-cv-6312, 2012 WL 5989918 (E.D.N.Y. Nov. 30, 2012) ...............................................7

*Pragmatus AV LLC v. Yahoo! Inc.*,
   No. 1:11-cv-00902, 2012 WL 6044793 (D. Del. Nov. 13, 2012)..............................................5

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
   No. 12-cv-92, 2012 WL 2700495 (D. Del. Jul. 5, 2012)...........................................................6

*Superior Indus., LLC v. Thor Global Enterprises Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012)..............................................................................................3, 5

*Xpoint Tech., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ..........................................................................................4

**Statutes and Rules**

35 U.S.C. § 271 ................................................................................................................................5

Fed. R. Civ. P. 8(a)(2) ......................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1, 3

I.  **INTRODUCTION**

Princeton Digital Image Corporation ("Plaintiff") filed its First Amended Complaint on December 10, 2012, accusing Harmonix Music Systems, Inc. ("Harmonix"), Electronic Arts Inc., and Konami Digital Entertainment, Inc. of infringing U.S. Patent No. 5,513,129 ("'129 patent"). Plaintiff includes a single count of patent infringement alleging direct, induced, and contributory infringement phrased in the alternative and against all defendants, but provides no facts to support such allegations. Plaintiff fails to meet the Rule 8 pleading standards that apply to claims for indirect patent infringement, because it has pleaded no facts that plausibly suggest that Harmonix has induced or contributed to infringement.

Harmonix is an independent game development studio dedicated to creating innovative music entertainment games, such as *Rock Band*. The '129 patent broadly claims methods and systems for controlling virtual environments in response to audio signals. Beyond Plaintiff's conclusory allegation that Harmonix is a developer of games that "allow the control of a virtual environment in response to a music signal" and generalized allegation of infringement against all defendants, Plaintiff provides no facts to suggest Harmonix infringes or induces infringement of any of the asserted claims, which recite in part "controlling production of a virtual environment by a virtual reality computer system." Further, Plaintiff provides even fewer facts supporting its theory that Harmonix had the requisite specific intent to induce or contribute to the infringement of the '129 patent.

As set forth below, Harmonix has moved to dismiss the indirect infringement claims asserted in the First Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because the indirect infringement claims are not supported by plausible allegations, the claims should be dismissed.

## II. FACTUAL BACKGROUND

Plaintiff's First Amended Complaint accuses Defendants Electronic Arts Inc., Harmonix, and Konami Digital Entertainment Inc., of infringing the '129 patent, which purportedly relates to allowing the control of a virtual environment in response to a music signal. D.I. 8, ¶¶ 9, 15. The First Amended Complaint alleges that Defendant Harmonix "is a developer of electronic games that allow the control of a virtual environment in response to a music signal, including at least the *Rock Band* and *Karaoke Revolution* games." D.I. 8, ¶ 12. Plaintiff levies the same infringement allegations against all Defendants:

> Defendants each infringe one or more claims of the '129 patent directly . . . . and/or indirectly by inducing infringement of the '129 patent by end users of at least the *Rock Band* and *Karaoke Revolution* games, and/or by contributing to infringement of the '129 patent through their offering for sale and/or by contributing to infringement of the '129 patent through their offering for sale and/or selling of at least the *Rock Band* and *Karaoke Revolution* games.

D.I. 8, ¶ 15.

Plaintiff further alleges that "Defendants also participated in developing, making, using, offering for sale and/or selling other infringing games, such as *Dance Dance Revolution* and *Rock Revolution*." *Id.*

Plaintiff contends that Harmonix was first aware of the '129 patent's existence prior to receiving Plaintiff's Complaint in this litigation due to the citation on October 13, 2008, of the '129 patent in an Ex Parte Reexamination of another patent. *Id.*, ¶ 19. Additionally, according to the First Amended Complaint, Harmonix also became aware of the '129 patent when a U.S. Patent and Trademark Office ("USPTO") Examiner cited the patent against a Harmonix patent application allegedly relating to the *Rock Band* game on March 30, 2009. *Id.*, ¶ 20. Plaintiff concludes that since at least October 13, 2008, Harmonix has "continued to induce performance

of the steps of the methods claimed in the '129 patent, and those steps were in fact performed." *Id.*, ¶ 19.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court has explained, a complaint must recite "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. If this standard is not met, the claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See generally id.*, 550 U.S. at 544; *see also MONEC Holding AG v. Motorola Mobility, Inc.*, No. 11-cv-798, 2012 WL 4340653, at *8 (D. Del. Sept. 20, 2012) (dismissing indirect infringement claims that did not plausibly allege knowledge of patent).

The pleading requirements of *Twombly* and *Iqbal* apply to claims of indirect infringement. *Superior Indus., LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012).

## IV. ARGUMENT

### A. Plaintiff Fails to Plead Any Facts to Support a Plausible Claim for Induced Infringement or Contributory Infringement.

To prevail on a claim for induced infringement, a plaintiff must establish that the accused infringer "specifically intended to induce infringement" or "that it had induced acts that constitute infringement." *Superior Indus., LLC*, 700 F.3d at 1296. Thus, a complaint for

induced infringement "must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the . . . patent and knew that the customer's act constituted infringement." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). The plaintiff also must show that the acts of inducement lead to actual infringement. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012) ("[T]hat there can be no indirect infringement without direct infringement, is well settled."). Plaintiff has failed to do so here.

Plaintiff pleads only that Harmonix infringes "directly . . . and/or indirectly by inducing infringement of the '129 patent by end users of at least the *Rock Band* and *Karaoke Revolution* games." D.I. 8, ¶ 15. This bald assertion that Harmonix "induces infringement by end users" is insufficient under *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 545. Plaintiff has alleged no facts establishing (i) what Harmonix is doing to induce infringement, (ii) how direct infringement occurs, (iii) which end users are being referred to, or (iv) how Harmonix specifically intended that these "end users" infringe the patent-in-suit. Plaintiff's contentions that Harmonix is "developing, making, using, offering for sale and/or selling," products also do not support a claim of induced infringement. *See MONEC*, 2012 WL 4340653, at *8 (finding "conclusory averments" of "[d]efendant's conduct in selling, advertising, supplying and instructing its [] customers on the use of the infringing product" insufficient to demonstrate requisite "knowledge" and "specific intent" for induced infringement). In fact, Plaintiff's induced infringement claim is so conclusory and lacking of facts, the same allegations are made in the alternative against all three Defendants. D.I. 8, ¶ 15. *See Xpoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 n.11 (D. Del. 2010) (expressing disfavor for use of the "and/or" construction without support for indirect infringement allegations).

4

Thus, no plausible claim for induced infringement has been pleaded. *See Superior Indus.*, 700 F.3d at 1296 (dismissing claims for failure to allege facts supporting inference of intent to induce infringement); *Grobler v. Sony Computer Entm't Am. LLC*, No. 5:12-cv-01526, 2013 WL 308937 (ND Cal. Jan. 25, 2013) (dismissing claims for failure to allege "sufficient facts supporting an inference of intent to induce infringement"); *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 1:11-cv-00902, 2012 WL 6044793, at *15 (D. Del. Nov. 13, 2012) (recommending dismissal of induced infringement claims "merely contain[ing] the formulaic statement" that defendant "'has and continues to infringe indirectly . . . by inducing others to infringe . . . including at least users [of defendants' product]'"); *EI DuPont de Nemours and Co. v. Heraeus Holding GmbH,* 1:11-cv-00773, 2012 WL 4511258, at *7 (D. Del. Sept. 28, 2012) (dismissing claims for failure to explain the nature of relationship between defendants and customers and how sale of products relates to patent claims).

Plaintiff's First Amended Complaint also fails to allege any facts to support a plausible claim of contributory infringement of the '129 patent. For contributory infringement, the complaint must allege that the products are "especially made or especially adapted for use in an infringement of such patent" and are not "suitable for substantial noninfringing use." 35 U.S.C. § 271(c); *see CyberFone Sys., LLC v. Cellco P'ship*, No. 11-cv-827, 2012 WL 1509504, at *4 (D. Del. Apr. 30, 2012) (finding pleading only knowledge of patents insufficient notice of contributory infringement).

The only contention relating to contributory infringement is that Harmonix infringes "directly . . . and/or by contributing to infringement of the '129 patent through [its] offering for sale and/or selling of at least the *Rock Band* and *Karaoke Revolution* games." D.I. 8, ¶ 15. This allegation is plainly insufficient—offering for sale or selling a product, by itself, cannot

constitute contributory infringement. *See CyberFone Sys.,* 2012 WL 1509504, at *3. Plaintiff's First Amended Complaint pleads no facts identifying the direct infringement to which Harmonix is allegedly contributing, no facts establishing that no substantial noninfringing uses exist, and no facts showing that Hamonix especially made or adapted its products to infringe. As with induced infringement, the same broad conclusory contentions are collectively made against all Defendants. D.I. 8, ¶ 15.

No plausible claim for contributory infringement has therefore been pleaded. *See IPVenture Inc. v. Lenovo Group Ltd.*, No. 11-cv-588, 2013 WL 126276, at *2 (D. Del. Jan. 8, 2013) (dismissing contributory infringement claim in complaint alleging products "are especially made or adapted for use in an infringement . . . and are not staple articles of commerce suitable for substantial non-infringing uses" without factual support); *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 12-cv-92, 2012 WL 2700495, at *1 (D. Del. Jul. 5, 2012) (dismissing claims for lack of facts explaining how customers would directly infringe and missing facts supporting allegation about infringing systems "consitut[ing] a material part of the claimed inventions and are not staple articles of commerce. . .").[1]

### B. Plaintiff Fails to Plead the Requisite Knowledge to Support a Theory of Induced or Contributory Infringement.

Both induced infringement and contributory infringement require knowledge that the complained of acts cause infringement. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (indirect patent infringement requires proof that the

---

[1] It is unclear whether the allegations related to *Dance Dance Revolution* and *Rock Revolution* are part of Plaintiff's indirect infringement claim. If they are, Plaintiff pleads its claims with respect to these products with even less factual support, stating only that "one or more of the Defendants also participated in developing, making, using, offering for sale and/or selling other infringing games, such as *Dance Dance Revolution* and *Rock Revolution*." D.I. 8, ¶15. These allegations also cannot support a plausible claim for indirect infringement against Harmonix.

6

defendant had the "requisite knowledge to be held vicariously liable"). Plaintiff's only factual allegation of Harmonix's knowledge is that: 1) Harmonix's patent counsel "was served" with a copy of a paper filed in a reexamination of a third party's patent that included a discussion of the '129 patent, and 2) the '129 patent was cited by an Examiner of a Harmonix patent application.[2] D.I. 8, ¶¶ 19, 20. This falls far short of knowledge of the alleged infringement. *See IPVenture Inc.*, 2013 WL 126276, at \*2 (granting dismissal of indirect infringement claims before start of litigation, holding knowledge of the existence of the patent-in-suit evidenced by defendant's patents citing the patent-in-suit's family insufficient to show defendant "knew that the induced acts constituted patent infringement").

Even if the allegation that Harmonix knew of the '129 patent's existence is taken as true, Plaintiff did not plead facts that plausibly show that Harmonix knew or intended that its customers would infringe the '129 patent. *See Grobler*, 2013 WL 308937, at \*3 (dismissing induced infringement claim holding that plaintiff "must include some factual allegations that could establish that [defendant] knew not just that plaintiff had the [patent]" but that defendant's customers' actions "would infringe" the patent); *Pecorino v. Vutec Corp.*, No. 11-cv-6312, 2012 WL 5989918, at \*22 (E.D.N.Y. Nov. 30, 2012) (dismissing induced infringement claim stating that "knowledge alone is insufficient" and requiring "facts plausibly showing that [defendants] specifically intended their customers to infringe . . . and knew that the customer's acts constituted infringement"); *MONEC*, 2012 WL 4340653, at \*8 (explaining that "mere notice of a patent, or possible infringement of that patent, does not establish that Defendants knowingly induced or specifically intended to induce infringement"). Thus, Plaintiff's indirect infringement claims should be dismissed.

---

[2] Plaintiff has not alleged that Harmonix drafted either of the documents citing the '129 patent at the USPTO.

## V. CONCLUSION

For the foregoing reasons, Harmonix respectfully requests that the Court dismiss the indirect infringement claims against Harmonix in Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant Harmonix Music Systems, Inc.*

OF COUNSEL:

Patrick J. Coyne
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Linda J. Thayer
Christopher S. Schultz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

February 4, 2013
6985593.1

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 4, 2013, upon the following in the manner indicated:

Sean T. O'Kelly, Esquire                                                                                           *VIA ELECTRONIC MAIL*
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE  19801
*Attorneys for Princeton Digital Image
Corporation*

Wendy J. Ray, Esquire                                                                                              *VIA ELECTRONIC MAIL*
Benjamin J. Fox, Esquire
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013-1024
*Attorneys for Konami Digital Entertainment, Inc.*

 

                                                                                  */s/ Jack B. Blumenfeld*
                                                                                  Jack B. Blumenfeld (#1014)