## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KONAMI DIGITAL ENTERTAINMENT INC, HARMONIX MUSIC SYSTEMS, INC. and ELECTRONIC ARTS, INC.,<br><br>Defendants. | Case No.: 12-1461 (LPS)<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Princeton Digital Image Corporation (hereinafter referred to as "Plaintiff" or "PDIC") demands a jury trial and complains against the Defendants as follows:

## THE PARTIES

1. PDIC is a corporation organized and existing under the laws of the State of Texas.

2. Upon information and belief, Harmonix Music Systems, Inc. ("HMSI") is a corporation organized and existing under the laws of the State of Delaware conducting business in this district.

3. Upon information and belief, defendant Konami Digital Entertainment, Inc. ("Konami") is a corporation organized and existing under the laws of Illinois, and is a wholly-owned subsidiary of Konami Corporation of America, a corporation organized and existing under the laws of Delaware. Upon information and belief, both Konami and Konami Corporation of America are conducting business in this district.

4. Upon information and belief, Electronic Arts Inc. ("EAI") is a corporation organized and existing under the laws of the State of Delaware conducting business in this

district.  Defendants EAI, Konami and HMSI are referred to herein collectively as "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America, Title 35 of the United States Code.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, each of the Defendants is doing business and committing infringements in this judicial district, and each is subject to personal jurisdiction in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

8. Plaintiff PDIC repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 7 above.

9. On April 30, 1996, U.S. Patent No. 5,513,129 (hereinafter referred to as "the '129 patent") was duly and legally issued for an invention entitled "METHOD AND SYSTEM FOR CONTROLLING COMPUTER-GENERATED VIRTUAL ENVIRONMENT IN RESPONSE TO AUDIO SIGNALS."  By assignment, dated December 14, 2011, PDIC became the owner of all right, title and interest in the '129 patent, including the right to receive royalties for past infringements thereof.  The '129 patent relates generally to allowing the control of a virtual environment in response to a music signal.  A copy of the '129 patent is attached hereto as Exhibit 1.

## FIRST CAUSE OF ACTION
## Claim For Patent Infringement

10. Plaintiff PDIC repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 9 above.

11. Defendant EAI is a publisher and distributor of electronic games that allow the control of a virtual environment in response to a music signal, including at least a game known commercially as *Rock Band*.

12. Defendant HMSI is a developer of electronic games that allow the control of a virtual environment in response to a music signal, including at least the *Rock Band* and *Karaoke Revolution* games.

13. Defendant Konami is a distributor of electronic games, certain of which were developed at least in part by defendant HMSI, that allow the control of a virtual environment in response to a music signal, including at least the game known as *Karaoke Revolution*.

14. Defendant EAI provided development assistance to Defendant HMSI with respect to various electronic games, including at least the *Rock Band* game. Defendant Konami provided distribution assistance to HMSI for at least another of HMSI's infringing games, *Karaoke Revolution*.

15. Defendants each infringe one or more claims of the '129 patent directly through their developing, making, using, offering for sale and/or selling of at least the *Rock Band* and *Karaoke Revolution* games, and/or indirectly by inducing infringement of the '129 patent by end users of at least the *Rock Band* and *Karaoke Revolution* games, and/or by contributing to infringement of the '129 patent through their offering for sale and/or selling of at least the *Rock Band* and *Karaoke Revolution* games. It is believed that one or more of the Defendants also participated in developing, making, using, offering for sale and/or selling other infringing games, such as *Dance Dance Revolution* and *Rock Revolution*.

16.     Because of the relationships between Defendants EAI and Konami and Defendant HMSI with respect to at least development, publication and/or distribution of the *Rock Band* and *Karaoke Revolution* games, Defendants' infringements of the '129 patent arise out of the same transaction or series of transactions, and involve common issues of fact.

17.     Defendants are liable for infringement of the '129 patent with respect to at least the aforementioned games, and it is anticipated that discovery will reveal other products developed, made, used, offered for sale and/or sold by Defendants, which infringe one or more claims of the '129 patent.

18.     Plaintiff has been damaged by each of the Defendants' infringements of the '129 patent, and will be irreparably harmed unless such infringing activities are enjoined by this Court.

19.     Upon information and belief, Defendants EAI and HMSI have been aware of the '129 patent since at least about October 13, 2008, and their infringement has been willful since at least that date.  On or about that date, an Information Disclosure Statement submitted in connection with a Request for *Ex Parte* Reexamination discussed in detail the '129 patent, as well as a court ruling discussing it, and was served on patent counsel for Defendants EAI and HMSI.  Since at least that time, Defendants EAI and HMSI have known of and reviewed the '129 patent, and continued to induce performance of the steps of the methods claimed in the '129 patent, and those steps were in fact performed.

20.     As further evidence of Defendant HMSI's knowledge of the '129 patent, the '129 patent was cited by the patent examiner, in two different office actions dated March 30, 2009 and January 5, 2010, respectively, against one of Defendant HMSI's patent applications relating to the *Rock Band* game.  In two different office action responses, dated September

30, 2009 and July 2, 2010, HMSI filed responses to these office actions with comment about the substance and teachings of the '129 patent, indicating they had reviewed it in some detail.

21.     After becoming aware of the '129 patent and the scope of its claims, upon information and belief, Defendant HMSI knew that customers of at least its *Rock Band* and *Karaoke Revolution* games would infringe the '129 patent when playing those games, and, with full knowledge of the '129 patent, induced infringement by making, selling and offering the games to those customers and by encouraging and instructing those customers to play the games, so that the customers would infringe the '129 patent, all with the specific intent by HMSI that those customers use at least the *Rock Band* and *Karaoke Revolution* games to infringe one or more claims of the '129 patent, including but not limited to at least claim 12.

22.     Also since becoming aware of the '129 patent, HMSI has continued to contribute to the infringement of one or more claims of the '129 patent by its customers and end users by making, selling, or offering for sale at least the *Rock Band* and *Karaoke Revolution* games to its customers, which games constitute a material part of the invention claimed in the '129 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use, but instead, are suitable only for practicing all of the steps of at least claim 12 of the '129 patent.

23.     After becoming aware of the '129 patent and the scope of its claims, upon information and belief, Defendant EA knew that customers of at least its *Rock Band* game would infringe the '129 patent when playing that game, and, with full knowledge of the '129 patent, induced infringement by both selling the games to those customers and by encouraging and instructing those customers to play the games, so that the customers would infringe the '129 patent, all with the specific intent by EA that those customers use at least the *Rock Band* game to infringe one or more claims of the '129 patent, including at least claim 12.

24.     Also since becoming aware of the '129 patent, EA has continued to contribute to the infringement of one or more claims of the '129 patent by its customers and end users by offering and selling at least the *Rock Band* game to its customers, which games constitute a material part of the invention claimed in the '129 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use, but instead, are suitable only for practicing all of the steps of at least claim 12.

25.     Upon information and belief, Konami has been aware of the '129 patent since at least as early as October, 2001 when it was cited during prosecution of what became US Patent No. 6,347,998.  Moreover, the '129 patent was cited against at least six other Konami owned patent applications, including at least those leading to US Patent Nos. 6,843,726; 6,758,756; 6645,067; 6,582,309; 6,410,835; and 6,379,244.  One or more of the foregoing referenced patent applications relate to the *Karaoke Revolution* game, and in many of the foregoing patent applications, Konami filed responses discussing the '129 patent in suit, indicating Konami had actually reviewed the '129 patent in some detail.  Since at least that time, Konami has known of the '129 patent, and continued to induce performance of the steps of the methods claimed in the '129 patent, and those steps were in fact performed.

26.     After becoming aware of the '129 patent and the scope of its claims, upon information and belief, Defendant Konami knew that customers of at least its *Karaoke Revolution* game would infringe the '129 patent when playing that game, and, with full knowledge of the '129 patent, induced infringement by both selling the game to those customers and by encouraging and instructing those customers to play the game, so that the customers would infringe the '129 patent, all with the specific intent by Konami that those customers use at least the *Karaoke Revolution* game to infringe one or more claims of the '129 patent.

27. Also since becoming aware of the '129 patent, Konami has continued to contribute to the infringement of one or more claims of the '129 patent by its customers and end users by offering and selling at least the *Karaoke Revolution* game to its customers, which games constitute a material part of the invention claimed in the '129 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use, but instead, are suitable only for practicing all of the steps of at least claim 12 of the '129 patent.

28. Each of the defendants, since becoming aware of the '129 patent long prior to the filing of this case, has continued their infringing activities despite full knowledge of the scope of the '129 patent, and of their infringement, with full knowledge that there was an objectively high likelihood that each of their respective actions constituted infringement of the '129 patent, and that the '129 patent was and is valid.

29. Each of the defendants, since becoming aware of the '129 patent and of the scope of its claims, have continued all of their above described respective activities, all with the specific intent that customers of the above mentioned games would perform acts that would infringe one or more claims of the '129 patent, including at least claim 12.

**WHEREFORE**, the Plaintiff PDIC prays for judgment against each one of the Defendants on all the counts and for the following relief:

    A.    A declaration that the Plaintiff is the owner of the '129 patent, and that the Plaintiff has the right to sue and to recover for infringement thereof;

    B.    A declaration that the '129 patent is valid and enforceable;

    C.    A declaration that each of the Defendants has infringed the '129 patent, and that such infringement was willful;

D.     Preliminary and permanent injunctions against each of the Defendants, their officers, agents, servants, employees and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the '129 patent;

E.     An accounting for damages under 35 U.S.C. §284 from each of the Defendants for its respective infringement of the '129 patent, and an award of damages ascertained against each of the Defendants in favor of Plaintiff PDIC, together with interest as provided by law;

F.     An award of the Plaintiff's attorneys' fees and costs; and

G.     Such other and further relief as this Court may deem proper, just and equitable.

## JURY DEMAND

Plaintiff PDIC demands a trial by jury of all issues properly triable by jury in this action.

Respectfully submitted,

**O'KELLY ERNST & BIELLI, LLC**

Dated: March 1, 2013

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Attorneys for Plaintiff Princeton Digital Image Corporation*