IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 12-1461 (LPS) ) ) **DEMAND FOR JURY TRIAL** |
| KONAMI DIGITAL ENTERTAINMENT INC., HARMONIX MUSIC SYSTEMS, INC. and ELECTRONIC ARTS, INC., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT ELECTRONIC ARTS INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Electronics Arts, Inc. ("EA"), by and through its undersigned counsel, hereby files its answer and affirmative defenses to the Second Amended Complaint of Princeton Digital Image Corporation ("Plaintiff" or "PDIC"), and states as follows:

**THE PARTIES**

1. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 1 and therefore denies them.

2. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 2 and therefore denies them.

3. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 3 and therefore denies them.

4. Admitted.

**JURISDICTION AND VENUE**

5. EA admits that this action purports to state a claim under the patent laws of the United States of America, Title 35 of the United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Denied.

7. Denied.

**THE PATENT**

8. EA hereby incorporates by reference its responses to Paragraphs 1-7 above.

9. EA admits that what purports to be a copy of the '129 Patent titled "METHOD AND SYSTEM FOR CONTROLLING COMPUTER-GENERATED VIRTUAL ENVIRONMENT IN RESPONSE TO AUDIO SIGNALS" is attached to the First Amended Complaint as Exhibit 1. EA denies the '129 patent was duly and legally issued. EA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 9 and therefore denies them.

**FIRST CAUSE OF ACTION**
**Claim For Patent Infringement**

10. EA hereby incorporates by reference its responses to Paragraphs 1-9 above.

11. EA is a publisher and distributor of electronic games, including a game known commercially as *Rock Band*. EA denies the remaining allegations in Paragraph 11.

12. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 12 and therefore denies them.

13. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 13 and therefore denies them.

14. Denied.

15. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 15 with respect to Harmonix Music Systems, Inc. and Konami Digital Entertainment, Inc., and therefore denies them.  EA denies the remaining allegations in Paragraph 15.

16. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 16 with respect to Harmonix Music Systems, Inc. and Konami Digital Entertainment, Inc., and therefore denies them.  EA denies the remaining allegations in Paragraph 16.

17. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17 with respect to Harmonix Music Systems, Inc. and Konami Digital Entertainment, Inc., and therefore denies them.  EA denies the remaining allegations in Paragraph 17.

18. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 18 with respect to Harmonix Music Systems, Inc. and Konami Digital Entertainment, Inc., and therefore denies them.  EA denies the remaining allegations in Paragraph 18.

19. EA admits that on or about October 13, 2008, an Information Disclosure Statement submitted in connection with a Request for Ex Parte Reexamination discussed the '129 patent.  EA lacks knowledge or information sufficient to form a belief as to the truth of the

allegations made in Paragraph 19 with respect to Harmonix Music Systems, Inc., and therefore denies them. EA denies the remaining allegations in Paragraph 19.

20. EA admits that the '129 Patent was cited by a patent examiner in two Office Actions against a patent application assigned to Harmonix. EA further admits that the mailing dates of the Office Actions were March 30, 2009 and January 5, 2010. EA denies the remaining allegations of Paragraph 20.

21. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 21 and therefore denies them.

22. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 22 and therefore denies them.

23. Denied.

24. Denied.

25. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 25 and therefore denies them.

26. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26 and therefore denies them.

27. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 27 and therefore denies them.

28. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 28 with respect to Harmonix Music Systems, Inc. and Konami Digital Entertainment, Inc., and therefore denies them. EA denies the remaining allegations in paragraph 28.

29. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 with respect to Harmonix Music Systems, Inc. and Konami Digital Entertainment, Inc., and therefore denies them. EA denies the remaining allegations in paragraph 29.

**PRAYER FOR RELIEF**

EA denies that Plaintiff is entitled to any of the requested relief, and denies all the allegations set forth in paragraphs A-G of Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to EA's right to plead additional defenses as discovery into the facts of the matter warrant, EA hereby asserts the following affirmative defenses.

**First Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted by failing to identify the alleged factual basis for the alleged indirect or induced infringement.

**Second Affirmative Defense**
**(No Infringement)**

EA has not infringed and does not infringe any claim of the '129 Patent.

**Third Affirmative Defense**
**(Invalidity)**

The claims of the '129 Patent are invalid and unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101 *et seq*.

### Fourth Affirmative Defense
### (Equitable Defenses)

Plaintiff's claims of infringement of the '129 Patent are barred, in whole or in part, under the doctrines of laches, waiver, estoppel and/or other equitable defenses.

### Fifth Affirmative Defense
### (Limitation on Damages)

Upon information and belief, Plaintiff's recovery for alleged infringement of the Patents-in-Suit, if any, is partially or fully barred by 35 U.S.C. §§ 286 and 287.

### Sixth Affirmative Defense
### (Prosecution History Estoppel)

Upon information and belief, prosecution history estoppel bars Plaintiff from relying on the doctrine of equivalents to prove infringement.

### Seventh Affirmative Defense
### (No Costs)

Upon information and belief, Plaintiff can recover no costs pursuant to 35 U.S.C. §§ 288 because a disclaimer of invalid claims was not filed with the U.S. Patent and Trademark Office before the commencement of this suit.

### PRAYER FOR RELIEF

WHEREFORE, EA respectfully requests that the Court:

A. Dismiss the Complaint with prejudice;

B. Enter a judgment in favor of EA;

C. Declare that this is an exceptional case under 35 USC § 285 and award attorneys' fees and costs to EA;

D. Award pre-judgment and post-judgment interest on all amounts awarded to EA; and

   E. Grant any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

  Pursuant to Federal Rule of Civil Procedure 38(b), EA respectfully demands a trial by jury on all issues so triable.

              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

              */s/ Rodger D. Smith II*

              Jack B. Blumenfeld (#1014)
              Rodger D. Smith II (#3778)
              1201 North Market Street
              P.O. Box 1347
              Wilmington, DE 19899-1347
              (302) 658-9200
              jblumenfeld@mnat.com

OF COUNSEL:         rsmith@mnat.com

Patrick J. Coyne        *Attorneys for Defendant Electronic Arts, Inc.*
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Linda J. Thayer
Christopher S. Schultz
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

March 18, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 18, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Sean T. O'Kelly, Esquire<br>O'KELLY ERNST & BIELLI, LLC<br>901 North Market Street, Suite 1000<br>Wilmington, DE 19801<br>*Attorneys for Princeton Digital Image Corporation* | *VIA ELECTRONIC MAIL* |
| Wendy J. Ray, Esquire<br>Benjamin J. Fox, Esquire<br>MORRISON & FOESTER LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br>*Attorneys for Konami Digital Entertainment, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)