IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) KONAMI DIGITAL ENTERTAINMENT ) INC, HARMONIX MUSIC SYSTEMS, INC. ) and ELECTRONIC ARTS, INC., ) ) Defendants. ) | C.A. No. 12-1461 (LPS) (CJB) |

**HARMONIX MUSIC SYSTEMS, INC.'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com |
| OF COUNSEL:<br><br>Patrick J. Coyne<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER LLP<br>901 New York Avenue, N.W.<br>Washington, DC  20001<br>(202) 408-4000<br><br>Linda J. Thayer<br>Christopher S. Schultz<br>Rachel L. Emsley<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER LLP<br>Two Seaport Lane<br>Boston, MA  02210<br>(617) 646-1600<br><br>December 3, 2013 | *Attorneys for Defendant Harmonix Music Systems, Inc.* |

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... II

I.    INTRODUCTION ................................................................................................................1

II.    STATEMENT OF FACTS ..................................................................................................2

    A.    These Proceedings Are in the Very Early Stages ....................................................2

    B.    IPRs Offer a Timely, Cost-Effective Alternative to Litigation ..............................3

    C.    Harmonix's Petition for IPR ...................................................................................4

III.    ARGUMENT .......................................................................................................................4

    A.    The Court Has the Authority to Stay the Case to Manage its Docket, to Conserve the Parties' Resources, and to Further the Interests of Justice. .................................................................................................4

    B.    All Three Factors Considered by Courts in Granting a Stay Pending PTO Review Favor a Stay in This Case. ...............................................5

        1.    IPR will Simplify Issues for Trial .............................................................6

        2.    The Early Stage of Litigation Favors a Stay .............................................7

        3.    Plaintiff Will Suffer No Undue Prejudice from a Stay And Defendants Will Not Gain Any Clear Tactical Advantage .........................7

IV.    CONCLUSION ....................................................................................................................9

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Boston Scientific v. Cordis Corp.*,
    777 F. Supp. 2d 783 (D. Del. 2011) ...................................................................................7

*Cooper Notification, Inc. v. Twitter, Inc.*,
    C.A. No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ......................................8

*Cost Bros., Inc. v. Travelers Indem. Co.*,
    760 F.2d 58 (3d Cir. 1985) .................................................................................................4

*Davol, Inc., v. Atrium Med. Corp.*,
    C.A. No. 12-958-GMS, 2013 WL 3013343 (D. Del. Jun. 17, 2013) ..............................6, 9

*Dura Global Techs., LLC v. Magna Intern. Inc.*,
    2011 WL 5039883 (E.D. Mich. Oct. 24, 2011) ..................................................................6

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) ..........................................................................................4

*In re Body Science LLC*,
    MDL No. 1:12-md-2375-FDS, 2012 WL 5449667 (D. Mass. Nov. 2, 2012) .....................6

*Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*,
    C.A. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) ...................................8

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ..............................5, 7

*Pragmatus AV, LLC v. Facebook, Inc.*,
    No. 11-CV-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ...............................5

*Round Rock Research LLC v. Dole Food Co., Inc.*,
    C.A. No. 11-1242-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) ...............................6, 8

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
    No. SACV 12-21-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ................................5

*SenoRx, Inc. v. Hologic*,
    C.A. No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) ...............................6

*Softview LLC v. Apple Inc.*,
    C.A. No. 12-989-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013) ..............................Passim

*Tse v. Apple Inc.*,
  No. C 06-06573 SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ........................................5

*Wall Corp. v. BondDesk Grp., LLC*,
  C.A. No. 07-844-GMS, 2009 WL 528564 (D. Del. Feb. 24, 2009) ........................................7

**RULES AND STATUTES**

35 U.S.C. § 314(a) .................................................................................................................3

35 U.S.C. § 314(b) .................................................................................................................4

35 U.S.C. § 315(e)(2) .............................................................................................................3

35 U.S.C § 316(a)(11) ............................................................................................................8

37 C.F.R. § 42.100(c) .............................................................................................................3

37 C.F.R. § 42.107(b) .............................................................................................................4

**OTHER AUTHORITIES**

77 Fed. Reg. 48680 (Aug. 14, 2012) .......................................................................................3

## I. INTRODUCTION

Defendant Harmonix Music Systems moves to stay this litigation pending resolution of an *Inter Partes* Review ("IPR")[1] of the only asserted patent in this case, U.S. Patent No. 5,513,129 ("the '129 patent"). A stay is appropriate because: (1) the IPR will likely simplify the issues for trial, as all relevant claims will likely be canceled (and cannot be amended, since the '129 patent has already expired); (2) this action is in the early stages of litigation; and (3) Princeton Digital Image Corporation ("Plaintiff") is a nonpracticing entity seeking only monetary relief, and will suffer no undue prejudice from a stay.

Moreover, review of the '129 patent is almost certain to be granted . Not only are an overwhelmingly high percentage of petitions granted, but the '129 patent is an extremely good candidate for review, given its exceedingly broad claims with few steps. Claim 10, for example, recites only a "method of controlling a computer" by "prerecording a control track" and "operating the computer system in response to the prerecorded control track." This is precisely the type of broad claim that Congress had in mind when it enacted the IPR statutes as an alternative to litigation and a means for limiting unnecessary litigation costs. Further, Plaintiff's four broadest claims, not addressed at the early limited *Markman* hearing on the "virtual reality" terms, are squarely addressed in the IPR.[2]

Once the IPR is instituted, the IPR will likely be concluded within one year. If the Court were to proceed in parallel with the IPR, the parties could engage in a year of costly

---

[1] Harmonix filed IPR2014-00155 on November 15, 2013. *See* Exhibit 1.

[2] Harmonix recognizes and appreciates the Court's efforts related to the early limited claim construction and realizes that a decision may be imminent. Harmonix welcomes this Court's ruling on these terms prior to staying the case, but leaves the timing of the stay to this Court's judgment and discretion.

discovery for naught once the patent is invalidated. Staying the case until the PTO completes its review conserves resources of the parties and this Court. Because all factors weigh heavily in favor of a stay, Harmonix requests that the Court curb unnecessary litigation costs and stay this litigation pending the outcome of the IPR.

## II. STATEMENT OF FACTS

### A. These Proceedings Are in the Very Early Stages

Plaintiff filed this action against Harmonix and Electronic Arts Inc. ("EA") on November 13, 2012 (D.I. 1), asserting infringement of the '129 patent, which expired on July 14, 2013. Plaintiff added Konami Digital Entertainment Inc. as a defendant with its First Amended Complaint (D.I. 8). Defendants answered the Second Amended Complaint (D.I. 24) on March 18, 2013 (D.I. 25) and March 19, 2013 (D.I. 26 and 27). The Court held a Rule 16 conference on August 16, 2013, and issued a Scheduling Order on August 23, 2013 (D.I. 34). At the Rule 16 conference, the parties requested that the Court hold an early, limited claim construction on two key terms that the parties believed would likely resolve much of the parties' dispute. *See* D.I. 34 at 2. All party-initiated discovery, as well as service of infringement and invalidity contentions, were stayed pending the outcome of the limited claim construction proceeding. *See* D.I. 34 at ¶ 4(a), and Appendix B. As the Court has not yet issued its decision, all discovery remains stayed.

No other substantive briefing has occurred, and much of the calendar, including a trial date, has not been set. With a further *Markman* Hearing scheduled for May 28, 2014, trial is not likely to occur in this matter before 2015 at the earliest.

Plaintiff has also filed an action asserting infringement of the '129 patent against Ubisoft, C.A. No. 13-355. The Ubisoft case is also in its early stages. In the Ubisoft case, Ubisoft has answered (D.I. 9), a Scheduling Order has issued (D.I. 15), and Plaintiff has served

preliminary infringement contentions (D.I. 37). Ubisoft's Motion to Dismiss for Failure to State a Claim is pending, *see* D.I. Nos. 26-27, 30-34, and 36, and a hearing is set for December 10, 2013 regarding that Motion. No substantive briefing has occurred, though the parties are scheduled to participate in a consolidated *Markman* hearing (with Harmonix, EA, and Konami) on May 28, 2014. *See* D.I. 15. No trial date has been set in the Ubisoft case. *See id*.

        **B.**        **IPRs Offer a Timely, Cost-Effective Alternative to Litigation**

On September 16, 2011, Congress enacted the Leahy-Smith America Invents Act ("AIA") "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg. 48680 (Aug. 14, 2012). The PTO rules comport with the statute's goal—to "create a timely, cost-effective alternative to litigation." *Id*. An IPR is appropriate if the PTO determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

IPR proceedings are statutorily mandated to last "normally no more than one year . . . [which] can be extended by up to six months for good cause." 37 C.F.R. § 42.100(c). The new IPR proceedings will necessarily limit the issues that the district court will face because, if the PTO grants the petition, the petitioner is estopped from asserting invalidity in a civil action "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

Although Delaware courts have long granted stays pending reexamination by the PTO, this Court has acknowledged that granting stays in favor of the new IPR proceeding makes even more sense. *See Softview LLC v. Apple Inc.*, C.A. No. 12-989-LPS, 2013 WL 4757831, at *2 (D. Del. Sept. 4, 2013) (granting stay in view of newly filed IPR). With the guaranteed

resolution of most cases within one year, "*inter partes* review promises to be a more expeditious process than reexamination." *Softview,* 2013 WL 4757831 at *1.

### C. Harmonix's Petition for IPR

As Harmonix advised it was planning to do during the Rule 16 Conference (pending the outcome of the early, limited claim construction proceeding), Harmonix timely filed a petition for IPR of the '129 patent with the PTO on November 15, 2013. *See* Exhibit 1. Harmonix identified several prior-art references that the PTO had not considered, and identified three bases for invalidating the claims of the '129 patent. *Id.* at 18. Plaintiff may file a response to Harmonix's petition within three months (37 C.F.R. § 42.107(b)), and the PTO will then rule on whether to institute the IPR within three months of Plaintiff's response. *See* 35 U.S.C. § 314(b).

## III. ARGUMENT

### A. The Court Has the Authority to Stay the Case to Manage its Docket, to Conserve the Parties' Resources, and to Further the Interests of Justice.

District courts have, as part of their power to manage their dockets, the discretion to stay judicial proceedings pending reexaminations, which were a predecessor to IPRs. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citation omitted). This Court has recognized several advantages to stays for PTO proceedings:

> (1) all prior art presented to the Court will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without

> the further involvement of the court, (5) the record of reexamination would probably be entered at trial, reducing the complexity and length of the litigation, (6) issues, defenses and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (granting stay pending IPR).

Courts have a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007) (internal quotations omitted). "In light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request." *Id.* at *2; *see also, e.g., Neste Oil,* 2013 WL 3353984, at *1 (granting stay pending IPR even though PTO had not yet decided whether to grant defendant's petition); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("[I]t is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent.") (citing additional cases); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) (granting stay pending PTO's decision on petition for IPR and noting "if the USPTO rejects the *inter partes* request, the stay will be relatively short").

### B. All Three Factors Considered by Courts in Granting a Stay Pending PTO Review Favor a Stay in This Case.

In determining whether to enter a stay pending IPR, courts consider the following factors:

> (1) whether granting the stay will simplify issues for trial; (2) the status of the litigation, particularly whether discovery is complete

- 5 -

and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*SenoRx, Inc. v. Hologic*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *2 (D. Del. Jan. 11, 2013); *see also Round Rock Research LLC v. Dole Food Co., Inc.*, C.A. No. 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012). All three factors favor a stay in this case.

### 1. IPR will Simplify Issues for Trial

Plaintiff has not yet identified which claims it is asserting, with the exception of claim 12, which was identified in its Second Amended Complaint. D.I. 24, ¶ 21. Harmonix has petitioned for PTO review of all claims, except for claims containing limitations that Harmonix's videogame products plainly do not meet—*i.e.*, a "device of a type coupled to a head of a human user" (claims 2-4), and a "delay" (claims 7, 14, and 20). Given the strength of the prior art cited by Harmonix in its petition, a decision by the Patent Trial and Appeal Board (PTAB) that these claims are invalid would mean an end to the litigation as to all Defendants.

Moreover, if the PTAB were to find even one claim invalid—such as claim 10—"that finding would reduce the number of issues left to be litigated." *Softview*, 2013 WL 4757831, at *1. This Court has stayed cases where a reexamination request covered fewer than all of the asserted claims in view of likely simplification of the issues. *Round Rock*, 2012 WL 1185022, at *1 (granting stay pending IPR despite plaintiff's assertion that some of its infringement claims would survive regardless of the PTO's determination). Even in this situation, a stay makes sense rather than risk devoting judicial resources and the parties' resources addressing the validity of patent claims that could ultimately be canceled by the PTO. *See In re Body Science LLC*, MDL No. 1:12-md-2375-FDS, 2012 WL 5449667, at *5 (D. Mass. Nov. 2, 2012) (citing *Dura Global Techs., LLC v. Magna Intern. Inc.*, 2011 WL 5039883, at *5 (E.D. Mich. Oct. 24, 2011)). This factor therefore weighs heavily in favor of a stay.

This estoppel reduces the validity issues that need to be tried because "[the defendant] will be estopped from asserting any invalidity arguments it could have raised." *Davol, Inc., v. Atrium Med. Corp.*, C.A. No. 12-958-GMS, 2013 WL 3013343, at *3 (D. Del. Jun. 17, 2013); *see also Softview*, 2013 WL 4757831, at *1; *Neste Oil*, 2013 WL 3353984, at *4-5.

### 2. The Early Stage of Litigation Favors a Stay

To date, the parties have not exchanged discovery other than initial disclosures (D.I. 36-39), Plaintiff's lists of accused products (D.I. 44-45), and Defendants' "core technical documents" (D.I. 57-58). Plaintiff has not provided any claim charts or product analysis regarding its infringement theory. Although the parties have briefed and argued for limited claim construction of two claim terms, the issues pending before the Court are discrete and do not address the four broadest claims in Plaintiff's patent (claims 10-11 and 22-23, which are to be squarely addressed in the IPR). Fact and expert discovery has yet to occur, and no trial date has been set. *See* D.I. 34. Because substantive discovery, dispositive motions, and pretrial preparation have not yet begun, this factor weighs heavily in favor of this Court granting a stay. *See Softview,* 2013 WL 4757831, at *1 (granting a stay pending IPR despite that fact discovery and the *Markman* process were complete, noting that the IPR would likely be complete by the time case dispositive motions are filed).

### 3. Plaintiff Will Suffer No Undue Prejudice from a Stay And Defendants Will Not Gain Any Clear Tactical Advantage

In determining whether a Plaintiff would suffer undue prejudice, courts consider a number of sub-factors, including "the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings and the relationship of the parties."

*Boston Scientific v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). Each of these factors strongly weighs in favor of a stay.

Delay from PTO reexamination proceedings "does not, by itself, amount to undue prejudice." *Wall Corp. v. BondDesk Grp., LLC*, C.A. No. 07-844 GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (granting stay even while recognizing that the previous *inter partes* reexamination proceedings took on average three years). Under the AIA, the new IPR proceeding is even more efficient, further reducing the impact of the delay caused by the PTO proceeding. Indeed, a decision to institute must be made within six months of filing the IPR— Congress has mandated that the PTO must generally render a final determination within one year. 35 U.S.C § 316(a)(11).

Consequently, courts may grant stays pending the conclusion of an IPR even when litigations are in intermediate stages. *See Softview*, 2013 WL 4757831, at *1 (granting a stay pending IPR despite that fact discovery and the *Markman* process were complete, noting that the *inter partes* review would likely be complete by the time case dispositive motions are filed). In this case, although the parties have engaged in early limited claim construction on two discrete terms, Harmonix filed its petition for IPR before any substantive discovery has occurred and well before full claim construction on all terms.

Courts also consider the relationship of the parties in assessing potential prejudice to the non-movant, which typically involves considering whether the parties are direct competitors. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.,* C.A. No. 09-865-LPS, 2010 WL 5149351, at *5 (D. Del. Dec. 13, 2010). Here, Plaintiff is a non-practicing entity that does not participate in the market and will not suffer any loss of market share or erosion of goodwill. Instead, Plaintiff's damages are purely monetary and the delay can be accommodated by

awarding interest if Plaintiff prevails. *See Round Rock*, 2012 WL 1185022, at *1 (concluding plaintiff would not suffer undue prejudice from a stay, noting plaintiff is a "non-practicing entity" who "seeks only monetary damages"); *Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, C.A. No. 11-176-LPS, 2011 WL 5523315, at *4 (D. Del. Nov. 14, 2011) (noting that "[b]ecause [plaintiff] is a non-practicing entity, this factor favors a stay."); *see also Davol, Inc.*, 2013 WL 3013343, at *3 (denying motion for stay pending IPR where parties were direct competitors). Furthermore, with or without the stay, the potential damages remain the same— the asserted patent expired in July 2013.

## IV. CONCLUSION

For the reasons stated above, Harmonix asks the Court to stay any further proceedings until the PTO makes a determination as to whether to institute Harmonix's IPR Petition, which will be no longer than about six months. In the event that the PTO institutes the IPR proceedings, Harmonix further seeks a stay pending the completion of the IPR.

OF COUNSEL:

Patrick J. Coyne
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

Linda J. Thayer
Christopher S. Schultz
Rachel L. Emsley
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

December 3, 2013
7821120.1

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants Harmonix Music Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 3, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Sean T. O'Kelly, Esquire<br>O'KELLY ERNST & BIELLI, LLC<br>901 North Market Street, Suite 1000<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff Princeton Digital Image Corporation* | *VIA ELECTRONIC MAIL* |
| Jeffrey L. Kaplan, Esquire<br>Keith Giovannoli, Esquire<br>KAPLAN BREYER SCHWARTZ & OTTESEN, LLP<br>100 Commons Way, Suite 250<br>Holmdel, NJ 07733<br>*Attorneys for Plaintiff Princeton Digital Image Corporation* | *VIA ELECTRONIC MAIL* |
| Wendy J. Ray, Esquire<br>Benjamin J. Fox, Esquire<br>MORRISON & FOESTER LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br>*Attorneys for Defendant Konami Digital Entertainment, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)