IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-1461-LPS-CJB |
| KONAMI DIGITAL ENTERTAINMENT INC., HARMONIX MUSIC SYSTEMS, INC. and ELECTRONIC ARTS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-335-LPS-CJB |
| UBISOFT ENTERTAINMENT SA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

In both of these two patent infringement actions (referred to herein as the "*Harmonix* Action" and the "*Ubisoft* Action," respectively), presently pending before the Court are Plaintiff Princeton Digital Image Corporation's ("Plaintiff") motions to lift a stay that has been in effect in the cases. (D.I. 75; *Ubisoft* Action D.I. 56)[1] The stay had been imposed in light of a request made for *inter partes* review ("IPR") of the patent-in-suit, United States Patent No. 5,513,129 ("the '129 Patent"). For the reasons stated below, the Court DENIES Plaintiff's motions to lift

---

[1] Identical briefing on these motions was filed in both the *Harmonix* and *Ubisoft* Actions. Further citations herein are, unless otherwise noted, to the docket in the earlier-filed *Harmonix* Action.

the stay.

I. **BACKGROUND**

Plaintiff filed the *Harmonix* Action on November 13, 2012. (D.I. 1) It filed the *Ubisoft* Action on February 27, 2013. (*Ubisoft* Action, D.I. 1) On July 17, 2013, Chief Judge Leonard P. Stark referred both cases to the Court to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (D.I. 30; *Ubisoft* Action, D.I. 10)

On November 15, 2013, Defendant Harmonix Music Systems, Inc. ("Harmonix") filed a petition with the United States Patent and Trademark Office (the "PTO") for IPR of claims 1, 5-6, 8-13, 15-19 and 21-23 of the '129 Patent. (D.I. 67 at 4 & ex. 1) On December 3, 2013, Harmonix filed a motion to stay the *Harmonix* Action pending resolution of the IPR proceeding. (D.I. 66) On December 20, 2013, in the *Ubisoft* Action, Defendant Ubisoft Entertainment SA ("Ubisoft") filed a similar motion to stay pending resolution of the Harmonix IPR proceeding. (*Ubisoft* Action, D.I. 42) On January 15, 2014, the Court issued a Memorandum Order granting Harmonix's and Ubisoft's (collectively, "Defendants") motions to stay. *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, Civil Action No. 12-1461-LPS-CJB, Civil Action No. 13-335-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014). Following the Court's Order granting a stay, the Patent Trial and Appeal Board ("PTAB") issued a decision on the Harmonix IPR petition on May 9, 2014, instituting review on claims 10, 11, 22, and 23 of the '129 Patent. (D.I. 75, ex. A at 22)

Meanwhile, on April 15, 2014, Ubisoft had filed a second petition for IPR of all claims of the '129 Patent. (D.I. 75 at 2) The PTAB issued a decision on that petition on October 17, 2014, instituting review of claims 1-13, 15-18, and 21-23. (*Id.*, ex. B at 2, 24) Thus, only three of the

2

'129 Patent's 23 claims are not currently under review in these two IPR proceedings: claims 14, 19, and 20.[2] Each of these three claims are dependent claims; the independent claims from which they depend (claims 12 and 16) are currently under review by the PTAB. ('129 Patent, col. 30:16-18, 30:42-47)

## II. STANDARD OF REVIEW

A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, . . . including the authority to order a stay pending conclusion of a PTO reexamination.") (citations omitted). In determining whether a stay is appropriate in the first instance, our Court typically considers three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).

When a court has imposed a stay, but "circumstances have changed such that the court's

---

[2] A third petition for IPR, which includes a request for review of claims 14, 19, and 20, was filed jointly by Harmonix and Defendant Konami Digital Entertainment Inc. ("Konami") on November 17, 2014, along with a corresponding motion seeking joinder of that proceeding with the IPR proceeding that was earlier instituted at Ubisoft's request. (D.I. 76, exs. C & D) Plaintiff argues that, for various reasons, the PTAB is unlikely to institute review as to this third Harmonix/Konami petition. (D.I. 77 at 2-4) The Court need not consider these arguments, as it need not rely on the pendency of this third petition in determining herein that the instant motions should be denied.

3

reasons for imposing [that] stay no longer exist or are inappropriate," the court also has the inherent power and discretion to lift the stay. *Auto. Techs. Int'l., Inc. v. Am. Honda Motor Co.*, C.A. Nos. 06–187–GMS, 06–391 GMS, 2009 WL 2969566, at *2 (D. Del. Sept. 15, 2009) (internal quotation marks and citation omitted). On the other hand, "where there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposition imposing the stay, the plaintiff's motion to lift the stay should be denied." *Id.* (citation omitted).

## III. DISCUSSION

Plaintiff makes two arguments in support of lifting the stay here: (1) continuing the stay will not simplify the issues for trial, (D.I. 75 at 5-6), and (2) continuing the stay will cause undue delay, prejudice, and tactical disadvantage, (*id.* at 4-5). The Court will address these arguments in turn.

### A. Simplification of Issues for Trial

Plaintiff seeks to lift the stay "at least with respect to claims 14, 19, and 20[,]" arguing that continuing the stay at this stage will not result in a simplification of issues for trial. (D.I. 75 at 1, 5-6) Plaintiff points out that dependent claims 14, 19, and 20 are excluded from the pending IPR proceedings and that, regardless of the outcome of those proceedings, the Court will eventually have to address those three claims (as well as the two independent claims from which they depend). (*Id.* at 6)

However, were Plaintiff's request to lift the stay granted—either as to claims 14, 19 and 20, or as to all claims—that could significantly complicate the issues in these actions and lead to inefficiency. For example, the IPR proceedings still involve 20 other claims that the PTO may ultimately hold to be valid, and Plaintiff has given no indication that it intends to surrender its

4

right to later assert any of the claims that survive. Thus, even if the Court were to allow the parties to proceed to trial solely on claims 14, 19, and 20, the Court and the parties may then be forced to revisit the remaining claims following resolution of the IPR. At that point, depending on the outcome at the PTO, the remaining claims could include as many as three independent claims (claims 1, 5, and 10) and fifteen dependent claims (claims 2-4, 6-9, 11, 13, 15, 17, 18, and 21-23) that would not have been litigated to any real extent by either party in this Court. Alternatively, if the Court were to lift the stay as to *all* claims, the parties and the Court might spend significant time and effort litigating the 20 claims that are currently subject to the IPR only to find that some or all of those claims have been invalidated by the PTO.

Further, as the Court noted in granting the stay motions, *see Princeton Digital Image Corp.*, 2014 WL 3819458, at *2 n.4, the ongoing IPR proceedings could simplify issues at play in this case—even as to the few dependent claims (claims 14, 19 and 20) that the PTAB does not currently have under review. *Cf. Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) (noting that "there can still be a simplification of the issues when only some, but not all, of the claims asserted in [the] litigation are challenged" in a PTO proceeding); *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, Case No. 13-cv-04205-WHO, 2014 WL 2735185, at *2-3 (N.D. Cal. June 16, 2014) (denying a motion to lift a stay after the PTAB instituted review as to all but three asserted claims of one of the two patents-in-suit, and finding that "it is of no moment that not all of the asserted claims . . . are subject to the IPR[,]" since review of the patent's other claims was likely to provide significant assistance to the court). For example, a finding by the PTAB that independent claims 12 and 16 are invalid could simplify the invalidity analysis of dependant claims 14, 19 and 20. Moreover, the PTAB

proceedings may well provide the Court with additional insight regarding how some terms in claims 14, 19, and 20 should be construed. (D.I. 76 at 6 (Defendants noting that Plaintiffs "statements [to the PTO] regarding the scope of claims 12 to 16 will necessarily influence the scope of dependant claims 14, 19, and 20."))

Finally, and most importantly, any changed circumstances since the date of the Court's Order on the stay motions do not favor Plaintiff's position. If anything, as to the "simplification of issues" factor, the rationale for a stay is *stronger* now as compared to when the Court initially granted the stay. When the Court first stayed this action, it noted that "[a]ll but six of the 23 patent claims [were] at issue in [Harmonix's] IPR request, and all but three of the claims asserted in the *Ubisoft* Action [were] a part of that request." *Princeton Digital Image Corp.*, 2014 WL 3819458, at *2. In other words, at that time, six claims of the patent-in-suit were not subject to the pending Harmonix request for IPR—a request that had not yet been granted. Since then, the PTAB has initiated proceedings as to four of the claims raised in the Harmonix request, and Ubisoft has convinced the PTAB to institute the second IPR proceeding as to nearly all claims of the patent. Thus, as of the current date, all but three of the patent's claims are under review, and the PTAB has determined that "there is a reasonable likelihood that [those claims will be found to be] unpatentable." (D.I. 76, ex. B at 24) If the "simplification of issues" factor "slightly" favored the grant of a stay at the time of the Court's prior Order (when review was being sought as to 17 of 23 claims), *see Princeton Digital Image Corp.*, 2014 WL 3819458, at *3, it does so even more strongly now, as review has actually been granted as to all but three claims.

B.     **Undue Prejudice**

The Court will also consider any changed circumstances as to the "undue prejudice"

factor. This Court's analysis of this factor has typically involved consideration of the following four subfactors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties. *Neste Oil OYJ v. Dynamic Fuels, LLC*, Civil Action No. 12-1744-GMS, 2013 WL 3353984, at *2-3 (D. Del. July 2, 2013); *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011).

Plaintiff's argument as to how circumstances have changed regarding "undue prejudice" seems to focus on the "status of the review proceeding[s]" subfactor. (D.I. 75 at 4) That is, Plaintiff asserts that "[c]ompletion of the IPRs will occur no sooner than April 15, 2015, for the *Harmonix* IPR and no sooner than October 15, 2015 for the *Ubisoft* IPR"; it notes that after accounting for possible extensions or appeals, the time until conclusion of both proceedings "could easily exceed two years." (*Id.* at 4-5)

At the time of the Court's ruling on the motions to stay, the first Harmonix IPR request had not yet been granted (and the Ubisoft request had not yet been filed). At that time, the Court noted that the Harmonix IPR proceeding, if it were to be initiated by the PTAB, would not likely conclude until "mid-2015." *Princeton Digital Image Corp.*, 2014 WL 3819458, at *5. The Court explained that this "increase[d] the risk of prejudice to Plaintiff[,]" such that this subfactor "weigh[ed] against granting a stay." *Id.*

Since the time of the Court's Order on the motions to stay, the most significant changed circumstance is the fact that the PTAB has initiated its review in response to the new Ubisoft IPR petition. The additional delay likely associated with that proceeding will mean that relevant PTAB proceedings will remain ongoing longer than was expected at the time of the Court's prior Order. As a result, the Court concludes that this subfactor favors Plaintiff's position even more

7

strongly than it did at the time of the prior Order.

However, "[t]he mere potential for delay . . . is insufficient to establish *undue* prejudice." *Neste Oil OYJ*, 2013 WL 3353984, at *2 (emphasis in original). And in the prior Order, even considering the harm that Plaintiff would suffer from delay of these cases, the Court found that the "undue prejudice" factor favored a stay. This was because the other three relevant subfactors (the timing of the request for review, the timing of the request for a stay, and the relationship of the parties) all favored Defendant's position. *Princeton Digital Image Corp.*, 2014 WL 3819458, at *6.

In the end, taking into account the extended timeframe of the Ubisoft IPR, but also being mindful of the strength of Defendants' position as to the other subfactors, the Court determines that the "undue prejudice" factor has become neutral.

## IV. CONCLUSION

The Court's overall conclusion with regard to the balancing of the stay factors remains the same. The simplification of issues factor now weighs more heavily in favor of the stay, in light of the increased number of claims that are at issue before the PTAB. In the prior Order, the Court also found that the "status of the litigation" factor favored a stay, and that factor remains unchanged. *Id.* at *3-4. With the undue prejudice factor now neutral, overall, the calculus still supports a stay.

In sum, although some circumstances have changed since the Court granted Defendants' motions for a stay, those changed circumstances do not make the continuation of the stay inappropriate, nor do they otherwise undermine the reasoning behind the Court's Order granting the stay. Therefore, it is ORDERED that Plaintiff's motions to lift the stay are DENIED.

Dated: January 14, 2015

*Christopher J. Burke* (signature)
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE