**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PRINCETON DIGITAL IMAGE                )
CORPORATION,                                        )
                                                                  )
       Plaintiff/Counterclaim-           )
       Defendant,                                   )
                                                                  )
v.                                                                )      Civil Action No. 12-1461-LPS-CJB
                                                                  )
KONAMI DIGITAL ENTERTAINMENT    )
INC., HARMONIX MUSIC SYSTEMS,      )
INC. and ELECTRONIC ARTS, INC.,          )
                                                                  )
       Defendants/Counterclaim-        )
       Plaintiffs.                                      )

## REPORT AND RECOMMENDATION

In this patent action filed by Plaintiff and Counterclaim-Defendant Princeton Digital

Image Corporation ("PDIC") against Defendants and Counterclaim-Plaintiffs Konami Digital

Entertainment Inc. ("Konami"), Harmonix Music Systems, Inc. ("Harmonix") and Electronic

Arts, Inc. ("EA") (collectively, "Defendants"), PDIC alleges that Defendants directly and

indirectly infringe United States Patent No. 5,513,129 (the "'129 patent"). Presently before the

Court is PDIC's motion to dismiss Harmonix and EA's counterclaims for a declaratory judgment

of invalidity and noninfringement pursuant to Federal Rule of Civil Procedure 12(b)(6) (the

"Motion"). (D.I. 101) For the reasons set out below, the Court recommends that the District

Court GRANT-IN-PART and DENY-IN-PART the Motion.

## I.      BACKGROUND

PDIC is the owner, by assignment, of the '129 patent. (D.I. 94 at ¶ 10) The '129 patent,

entitled "Method and System for Controlling Computer-Generated Virtual Environment in

Response to Audio Signals[,]" relates generally to virtual reality ("VR") computer systems

controlled by music or control tracks created from music. ('129 patent, col. 1:8-18; *see also* D.I. 94 at ¶ 25)[1] The '129 patent has 23 claims, ('129 patent, cols. 29:1-30:65), though (as will be further explained below) only dependent claims 14, 19 and 20 remain at issue in this case.

PDIC filed this action on November 13, 2012. (D.I. 1) It also filed a related action (in which it also asserts the '129 patent) against Ubisoft Entertainment SA ("Ubisoft SA") and Ubisoft Inc. ("Ubisoft Inc.," and collectively with Ubisoft SA, "Ubisoft"), on February 27, 2013. (Civil Action No. 13-335-LPS-CJB ("the *Ubisoft* Action"), D.I. 1)[2]

As the cases began to move forward, Defendants filed multiple petitions for *inter partes* review ("IPR") with respect to the '129 patent. On November 15, 2013, for example, Harmonix filed a petition with the United States Patent and Trademark Office (the "PTO") for IPR of claims 1, 5-6, 8-13, 15-19, and 21-23 of the '129 patent. (D.I. 118, ex. 3 at 5-71)[3] In the petition, Harmonix argued that the claims were invalid in light of three prior art references ("Fallacaro," "Pimentel" and "Pocock-Williams").[4] On May 9, 2014, the PTO's Patent Trial and Appeal Board ("PTAB") instituted review only on claims 10, 11, 22 and 23 (the "Harmonix '155 IPR").

---

[1]    The '129 patent appears on the docket in this action more than once, including as an exhibit to the Third Amended Complaint. (D.I. 94, ex. 1) Citation to the patent will simply be to the "'129 patent."

[2]    On July 17, 2013, Chief Judge Leonard P. Stark referred this action and the *Ubisoft* Action to the Court to hear and resolve all pre-trial matters, up to and including the resolution of case-dispositive motions. (D.I. 30; *Ubisoft* Action, D.I. 10)

[3]    Citations to the Exhibits of D.I. 118 will be to the page numbers generated by the ECF system.

[4]    Before this action and the *Ubisoft* Action further progressed in this Court, on January 15, 2014, the Court imposed a stay of both cases pending resolution of the IPR proceedings. (D.I. 70; *Ubisoft* Action, D.I. 52)

(*Id.*, ex. 3 at 213-34)  Thus, *inter alia*, the PTAB determined that it was not persuaded that there

was a reasonable likelihood that the petitioner would prevail in showing that claim 19 was

unpatentable, and did not institute review on that claim.  (*Id.*, ex. 3 at 233)

On April 15, 2014, Ubisoft SA filed a second petition for IPR, seeking review of all

claims of the '129 patent (that is, claims 1-23); Ubisoft SA requested review of the claims over

combinations of five references that were different than the ones cited in the Harmonix '155 IPR

("Tsumura," "Lytle," "Adachi," "Williams," and "Thalmann").  (*Id.*, ex. 4 at 8-72)[5]  On October

17, 2014, the PTAB instituted review of claims 1-13, 15-18 and 21-23 (the "Ubisoft '635 IPR").

(*Id.*, ex. 4 at 152-77)  Thus, the PTAB determined that it was not persuaded that there was a

reasonable likelihood that the petitioner would prevail in showing that claims 14, 19 or 20 were

unpatentable, and did not institute review on those three claims.  (*Id.*, ex. 4 at 162, 171, 175)

On November 17, 2014, Harmonix and Konami filed a third petition for IPR (the

"Konami/Harmonix '271 IPR"), which included a request for review of claims 14, 19 and 20,

along with a corresponding motion seeking joinder of that proceeding with the Ubisoft IPR.  (*Id.*,

ex. 5 at 2-103)  In addition to petitioning on the same grounds as did Ubisoft SA, Konami and

Harmonix presented new challenges that had not been presented by Ubisoft SA:  a challenge to

claims 19 and 20 based on Lytle, and a challenge to claims 14, 19 and 20 based on Adachi and

Tsumura.  (*Id.*)  On June 2, 2015, the PTAB denied the request for joinder and denied IPR review

---

[5]       Tsumura, Lytle and Adachi will all be particularly relevant to the instant Motion.
Tsumura is U.S. Patent No. 5,208,413 (issued May 4, 1993); Lytle is Wayne T. Lytle, *Driving
Computer Graphics Animation from a Musical Score*, *in* Scientific Excellence in
Supercomputing:  The IBM 1990 Contest Prize Papers 643-86 (Keith R. Billingsley et al. ed.
1992); and Adachi is U.S. Patent No. 5,048,390 (issued September 17, 1991).  (D.I. 104 at 4 &
nn. 6-8)

on procedural grounds. (*Id.*, ex. 5 at 271-90)  More specifically, the PTAB concluded that

Konami and Harmonix had presented "no persuasive argument or evidence to explain why the

grounds of unpatentability asserted in the Petition could not have been asserted in the

[Harmonix] '155 IPR[,]" noted that joinder would increase the cost, time and effort that would

need to be expended by PDIC in the Ubisoft '635 IPR, and explained that Konami and Harmonix

had not shown that joinder would "promote efficient resolution of the unpatentability issues

without substantially affecting the schedule for the [Ubisoft] '635 IPR." (*Id.*, ex. 5 at 289)  For

those reasons, the PTAB "decline[d] to exercise [its] jurisdiction under 35 U.S.C. § 315(c) to

authorize joinder" and denied the motion for joinder. (*Id.*)  And since the petition for IPR was

filed more than one year after Harmonix was served with the Complaint in the instant case,

absent joinder, the Konami/Harmonix '271 IPR petition was time-barred. (*Id.*, ex. 5 at 277-78)

Therefore, the PTAB stated that "exercising our discretion under 35 U.S.C. § 314(a) and 37

C.F.R. § 42.108(b), we decline to institute an [IPR] in the instant proceeding." (*Id.*, ex. 5 at 278)

      In the Harmonix '155 IPR proceeding, the PTAB ultimately issued a Final Written

Decision on May 6, 2015, holding that claims 10, 11, 22 and 23 are invalid. (*Id.*, ex. 3 at 386-

415)  In the Ubisoft '635 IPR, the PTAB issued a Final Written Decision on October 16, 2015,

holding that claims 1-13, 15-18 and 21-23 are invalid. (*Id.*, ex. 4 at 384-428)  PDIC did not

appeal either of these Final Written Decisions.  Thus, the effect of the PTAB's Final Written

Decisions was to leave only three dependent claims of the patent (claims 14, 19 and 20) still

valid.

      After the Court lifted a stay of this case and the *Ubisoft* Action in January 2016, PDIC

filed the now-operative complaint in this case, the Third Amended Complaint ("TAC"). In the

TAC, PDIC alleged that Harmonix, Konami and EA infringe claims 14, 19 and 20 of the '129 patent by their development, testing, use, publication, and/or distribution of: (1) the *Karaoke Revolution, Dance Dance Revolution*, and *Rock Band* video game series; (2) peripheral devices to be used with the games; and (3) playable song tracks for use with the games. (D.I. 94)

Thereafter, on March 7, 2016, Harmonix and EA filed an Answer to the TAC, which included two Counterclaims: a First Counterclaim seeking a declaratory judgment of invalidity of the patent-in-suit and a Second Counterclaim seeking a declaratory judgment of noninfringement of the patent. (D.I. 97 at 22-26) The First Counterclaim sought a declaration that claim 14 was invalid as obvious over at least Adachi and Tsumura, and that claims 19 and 20 were invalid as anticipated at least over Lytle; the counterclaim noted that the "PTAB has not issued any decision" that claim 14 or claims 19 and 20 were invalid on these grounds. (*Id.* at 24-25, at ¶¶ 16-17, 23-24) The Second Counterclaim asserted that "Harmonix and EA have not infringed and are not infringing, either directly or indirectly, nor have the[y] contributed to or induced infringement by others, of any valid claim of the '129 patent, either literally or under the doctrine of equivalents." (*Id.* at 26, at ¶ 29)

PDIC filed the instant Motion on March 31, 2016. (D.I. 101) Briefing on the Motion was completed on April 28, 2016. (D.I. 106)

## II.    STANDARD OF REVIEW

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a

complaint. *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, Civil Action No. 13-1987-LPS, 2014 WL 4222902, at \*5 (D. Del. Aug. 25, 2014); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898-99 (E.D. Pa. 2011) (citing cases).

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [] disregard[ing] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

## III.   DISCUSSION

PDIC makes two different types of arguments in support of its Motion. The Court will address both in turn.

### A.   Estoppel

First, PDIC argues that the First Counterclaim fails to state a plausible claim for relief under the *Twombly/Iqbal* standard. In this regard, it claims that Harmonix and EA are estopped

6

from asserting invalidity based on prior art, including Adachi, Tsumura and Lytle,[6] that was

raised or reasonably could have been raised in the Harmonix IPR proceedings referenced above.

(D.I. 102 at 6-12; D.I. 106 at 3-9) Harmonix and EA respond that they are not estopped from

presenting the arguments in the First Counterclaim—that claim 14 is invalid as obvious over

Adachi and Tsumura and that claims 19 and 20 are invalid as anticipated over Lytle—because

claims 14, 19 and 20 were not the subject of a Final Written Decision in an IPR proceeding.

(D.I. 104 at 6-14)[7] For the reasons set out below, the Court agrees with Harmonix and EA.[8]

This dispute implicates the text of 35 U.S.C. § 315(e) ("Section 315"), which is a part of

the Leahy-Smith America Invents Act ("AIA"). Section 315(e) reads as follows:

**(e) Estoppel. –**

**(1) Proceedings before the Office.**– The petitioner in an inter

---

[6]      The only bases for invalidity that Harmonix and EA plead facts in support thereof
in the First Counterclaim are those relating to their assertions that claims 14, 19 and 20 are
invalid under 35 U.S.C. §§ 102 and/or 103, in view of Adachi, Tsumura and/or Lytle. (D.I. 102
at 6; D.I. 106 at 1 n.1) Therefore, those are the only claims that the Court will discuss in this
subsection.

[7]      Although the Court is resolving a motion to dismiss, it may consider not only the
allegations in the pleadings, but also matters of public record, orders, exhibits attached to the
pleadings, and documents incorporated into the pleadings by reference. *See, e.g., Quest Integrity
USA, LLC v. Clean Harbors Indus. Servs., Inc.*, C.A. No. 14-1482-SLR, Civ. No. 14-1483-SLR,
2015 WL 4477700, at *2 (D. Del. July 22, 2015) (citing *Oshiver v. Levin, Fishbein, Sedran &
Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994)). The Court's decision below considers
certain content in Defendants' IPR Petitions and the PTAB's rulings in those proceedings. This
is permissible here, as IPR records are "matter[s] of public record," *see Choon's Design, LLC v.
Zenacon, LLC*, No. 2:13-cv-13568, 2015 WL 539441, at *5 (E.D. Mich. Feb. 9, 2015), and the
Final Written Decisions in the Harmonix '155 IPR and the Ubisoft '635 IPR are attached as
exhibits to Defendants' Answer and Counterclaims, (D.I. 97, exs. 1-2).

[8]      As to this question of IPR estoppel, since the issue is unique to patent cases, the
Court will look to Federal Circuit law for guidance. *See Senju Pharm. Co., Ltd. v. Apotex Inc.*,
891 F. Supp. 2d 656, 659-60 (D. Del. 2012) (citing cases).

partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

**(2) Civil actions and other proceedings.**– The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e). As Harmonix and EA note, (D.I. 104 at 6-7), the plain text of Section 315(e)(2) indicates that an IPR petitioner (here, Harmonix, who was a petitioner in the Harmonix '155 IPR and the Konami/Harmonix '271 IPR)[9] would be estopped from asserting that "the claim" of a patent (here, claims 14, 19 and 20 of the '129 patent) is invalid in this action on any ground that the petitioner raised or reasonably could have raised during those IPR proceedings—but only to the extent that the IPR proceeding at issue is one that "results in a final written decision" as to those claims.

However, as was noted above, neither the Harmonix '155 IPR nor the Konami/Harmonix '271 IPR resulted in a "final written decision" as to the validity of claims 14, 19 or 20. In the Harmonix '155 IPR, Harmonix never sought review of claims 14 and 20, and the PTAB declined to institute review of claim 19. In the Konami/Harmonix '271 IPR, while Harmonix sought review of all three claims, the PTAB declined to institute review of each of the claims. The

---

[9]     PDIC asserts that EA would be considered to be in privity with Harmonix, for purposes of the application of Section 315(e). (D.I. 102 at 9 n.4) Harmonix and EA do not appear to dispute this, (D.I. 104; D.I. 106 at 1 n.1), and so the Court assumes this is so for purposes of resolving the Motion.

PTAB also determined that it would not join the proceeding with the Ubisoft '635 IPR.

While PDIC pushes back against this conclusion, (D.I. 102 at 6-12), the Court's decision here is squarely in line with the way that the United States Court of Appeals for the Federal Circuit has discussed the estoppel provisions of the AIA. For example, in *Synopsys, Inc v. Mentor Graphics Corp.*, 814 F.3d 1309 (Fed. Cir. 2016), the Federal Circuit considered whether the AIA's statutory scheme required that the PTAB's Final Written Decision in an IPR proceeding must address every claim raised in a petition for IPR—including those claims as to which review was not granted. The *Synopsys* Court ultimately concluded that the statute only required the PTAB to address in a Final Written Decision those claims as to which review was granted. *Synopsys*, 814 F.3d at 1316. In the appeal, the plaintiff had argued that "the Board's [then-current] practice of issuing final decisions only addressing some of the claims in the petition [e.g., only those claims as to which review was instituted] is inconsistent with the estoppel provisions of the AIA, because final decisions that do not address all of the claims 'will have limited estoppel effect' and thus do not 'force a party to bring all of its claims in one forum.'" *Id.* In responding to this argument, however, the *Synopsys* Court flatly stated that the "validity of claims *for which the [PTAB] did not institute inter partes review can still be litigated in district court.*" *Id.* (emphasis added). And it explained that this conclusion was not inconsistent with the overall structure of the AIA, noting that even though the AIA served to estop petitioners from making some invalidity arguments thereafter in district court, the statute "cannot replace the district court in all instances[.]" *Id.; see also HP Inc. v. MPHJ Tech. Invs., LLC*, 817 F.3d 1339, 1346 (Fed. Cir. 2016). The Federal Circuit's statement in *Synopsys* clearly

forecloses PDIC's argument here.[10]

Thus, for the reasons stated above,[11] the Court recommends that PDIC's Motion be denied as to the First Counterclaim.

---

[10]     Additionally, in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), the opinion for the Court also assessed Section 315(e)(2). Therein, the Federal Circuit explained that where the PTAB did not address in its Final Written Decision a particular ground as to why the claims at issue were invalid (because the PTAB had denied review on that ground, finding the ground to be "redundant" of other grounds of invalidity on which review had been instituted), then the petitioner was not estopped from raising that ground in future district court proceedings. *Shaw Indus.*, 817 F.3d at 1297, 1300. The *Shaw Indus.* Court explained that this was because the "IPR does not begin until it is instituted" and thus the petitioner "did not raise—nor could it have reasonably raised—the [ground for invalidity at issue] *during* the IPR. The plain language of the statute prohibits the application of estoppel under these circumstances." *Id.* at 1300 (emphasis in original); *but see id.* at 1305 (Reyna, J., concurring) (stating that the question of "[w]hether estoppel applies . . . . is [not] for us to decide in the first instance, despite the invitation from [plaintiff], because the issue is not properly before us"). The language used in *Shaw Indus.* seems to suggest an even more petitioner-friendly view of the scope of estoppel under Section 315(e)(2)—i.e., that even had the PTAB instituted review of claims 14, 19 or 20 in a proceeding in which Harmonix was the petitioner, and even if it had issued a Final Written Decision as to those claims, if the PTAB had not instituted review of the claims in view of the grounds for invalidity at issue here, then Harmonix and EA would not be estopped from raising those grounds in the First Counterclaim. *See Intellectual Ventures I LLC v. Toshiba Corp.*, — F. Supp. 3d. —, Civ. No. 13-453-SLR, 2016 WL 7341713, at *13 (D. Del. Dec. 19, 2016); *see also Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017). But the Court need not rely on *Shaw Indus.* here, as no IPR involving Harmonix was even instituted as to these claims, and so estoppel could not possibly apply.

[11]     PDIC also argues that in denying Harmonix and Konami's request for joinder and for review in the Konami/Harmonix '271 IPR, the PTAB "applied the statutory estoppel of 35 U.S.C. § 315(e)(1)" when it noted in its decision that the petitioner did not present "persuasive argument or evidence to explain why the new challenges asserted in the Petition could not have been asserted in the [Harmonix '155 IPR]." (D.I. 102 at 8) But as Harmonix and EA note, in these decisions, the PTAB never cited to Section 315(e) at all, nor did it ever specifically state that it was applying the estoppel provision of Section 315(e)(1) in rendering those decisions. (D.I. 104 at 14) Instead, the PTAB noted that it was declining to "exercise our discretion under 35 U.S.C. § 315(c)" in deciding not to authorize joinder with the Ubisoft '635 IPR, (D.I. 84, ex. B at 10), and that it was exercising its "discretion under 35 U.S.C. § 314(a)" and under related regulations in declining to institute the Konami/Harmonix '271 IPR, (*id.*, ex. C at 8).

## B.     Failure to Plead Sufficient Facts

Second, PDIC asserts that the allegations in the Second Counterclaim do not meet the

*Twombly/Iqbal* standard, because Harmonix and EA do not allege facts therein from which

noninfringement of the patent-in-suit can be plausibly inferred.  (D.I. 102 at 12-13; D.I. 106 at 9-

10)  That is, PDIC claims that the allegations in the counterclaim are "merely a formulaic

recitation of the elements of the claim [of noninfringement], without any supporting facts or even

any identification of the products that are alleged not to infringe."  (D.I. 102 at 12)  The Second

Counterclaim, in its entirety, reads as follows:

> 28.     The allegations of Paragraphs 1-27 of the Counterclaims are
> incorporated by reference as if fully set forth herein.
>
> 29.     Harmonix and EA have not infringed and are not infringing,
> either directly or indirectly, nor have the[y] contributed to or
> induced infringement by others, of any valid claim of the '129
> patent, either literally or under the doctrine of equivalents.
>
> 30.     Accordingly, Harmonix and EA are entitled to a declaratory
> judgment that they have not infringed and do not infringe the '129
> patent.

(D.I. 97 at 26, at ¶¶ 28-30)

The *Twombly/Iqbal* standard should apply here to all aspects of the Second

Counterclaim.[12]  Harmonix and EA do not seriously contend that any allegations of no direct

---

[12]      Harmonix and EA suggest, in a footnote, that the counterclaim (at least, as to its
allegations of no direct infringement) need not meet the *Twombly/Iqbal* standard.  (D.I. 104 at 14
n.22)  Prior to December 1, 2015, a declaratory judgment claim of no direct infringement of a
patent needed only to contain allegations that equaled or exceeded the level of specificity
required by Form 18 of the Federal Rules of Civil Procedure (though, even at that time, a
declaratory judgement claim of no indirect infringement was required to meet the more stringent
requirements of Rule 8 and *Twombly/Iqbal*).  *TSMC Tech., Inc. v. Zond, LLC*, Civil Action No.
14-721-LPS-CJB, 2015 WL 661364, at *5-6 (D. Del. Feb. 13, 2015).  Then, on December 1,
2015, the Supreme Court of the United States abrogated Federal Rule of Civil Procedure 84 and

infringement in the Second Counterclaim—that is, allegations that certain of their products do

not meet the limitations of the relevant claims of the patent-in-suit—are robust enough to meet

the *Twombly/Iqbal* standard. (D.I. 104 at 15-16) And they are not. The three paragraphs that

make up the Second Counterclaim, set out above, contain no facts of any kind, let alone

sufficient facts to make out a plausible claim. Nor have Harmonix and EA articulated how

Paragraph 28's "incorporation by reference" paragraph would otherwise save the counterclaim.

Thus, it is clear that the Motion should be granted on this ground.

With that said, it is within the Court's discretion to allow leave to amend, *see Foman v.*

*Davis*, 371 U.S. 178, 182 (1962), and such leave should be permitted "when justice so

requires[,]" Fed. R. Civ. P. 15(a)(2). Here, Harmonix and EA requested the ability to amend if

the Appendix of Forms, including Form 18. *Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*,
Civil Action No. 15-438-LPS-CJB, 2015 WL 7833206, at *2 n.1 (D. Del. Dec. 3, 2015). Under
the new post-amendment regime, allegations of direct infringement or declaratory judgment
claims of no direct infringement would be subject to the pleading standards established in
*Twombly* and *Iqbal*. *Id.*; *see also Raindance Techs, Inc. v. 10x Genomics, Inc.*, Civil Action No.
15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016). The Supreme Court's Order
accompanying the submission of the amendments to Congress stated that the amendments "shall
take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter
commenced and, insofar as just and practicable, all proceedings then pending." *Mayne Pharma
Int'l PTY Ltd.*, 2015 WL 7833206, at *2 n.1 (citation omitted); *cf. Paluch v. Sec'y Pa. Dept.
Corrections*, 442 F. App'x 690, 693 (3d Cir. 2011) ("Generally, when amended procedural rules
take effect during the pendency of a case, the amended rules will be given retroactive application
to the maximum extent possible, unless doing so would work injustice."). Here, although this
case "commenced" before the December 1, 2015 amendments, PDIC suggests that the new
standard should apply to the allegations of no direct infringement in the Second Counterclaim.
(D.I. 102 at 5 & n.5) And the Court agrees that this would be a just and practicable
result—especially here, where the TAC and the Answer were both filed after the amendments
issued, and where the TAC's counterpart allegations of direct infringement are lengthy and
contain real detail. (D.I. 94); *see also RAH Color Techs. LLC v. Ricoh USA Inc.*, — F. Supp. 3d
—, CIVIL ACTION NO. 2:15-cv-05203-JCJ, 2016 WL 3632720, at *1, *5-6 (E.D. Pa. July 7,
2016) (coming to a similar conclusion, where the original complaint was filed prior to the
December 1, 2015 amendments, but where the counterclaims in the responsive pleading at issue
were filed after that date).

their allegations were deemed wanting. (D.I. 104 at 16) PDIC has not suggested that amendment would cause undue prejudice or would be futile, and so the Court recommends that Harmonix and EA be given leave to file an Amended Answer and Counterclaims that attempts to correct the deficiencies of the Second Counterclaim outlined above. *See, e.g., Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*, Civil Action No. 15-438-LPS-CJB, 2015 WL 7833206, at *6 (D. Del. Dec. 3, 2015).

## IV.     CONCLUSION

The Court recommends that the Motion be GRANTED-IN-PART and DENIED-IN-PART. More specifically, the Court recommends that as to its request for dismissal of the First Counterclaim, the Motion be DENIED, and that as to its request for dismissal of the Second Counterclaim, the Motion be GRANTED without prejudice to Defendants' ability to amend their pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006)*; Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

13

Dated: January 19, 2017

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

14