## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PRINCETON DIGITAL IMAGE  
CORPORATION,  

        Plaintiff/Counterclaim-  
        Defendant,  

v.  

KONAMI DIGITAL ENTERTAINMENT INC.,  
HARMONIX MUSIC SYSTEMS, INC., and  
ELECTRONIC ARTS, INC.,  

        Defendants/Counterclaim-  
        Plaintiffs.  

C.A. No. 12-1461-LPS-CJB

---

### MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 14-page Report and Recommendation (the "Report") (D.I. 188), dated January 19, 2017, recommending that the Court grant-in-part and deny-in-part Plaintiff and Counterclaim-Defendant Princeton Digital Image Corporation's ("Plaintiff" or "PDIC") motion (D.I. 101), seeking to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants and Counterclaim-Plaintiffs Harmonix Music Systems, Inc. ("Harmonix") and Electronic Arts, Inc.'s ("EA") (collectively, "Defendants") counterclaims for a declaratory judgment of invalidity ("First Counterclaim") and noninfringement ("Second Counterclaim") (D.I. 97);

WHEREAS, on February 2, 2017, PDIC objected to the Report ("Objections") (D.I. 189), specifically objecting to the Report's conclusion that Defendants are not estopped from asserting the invalidity of dependent claims 14, 19, and 20 of United States Patent No. 5,513,129 (the

1

"'129 patent") in their First Counterclaim, based on the plain text of 35 U.S.C. § 315(e) and

precedent from the United States Court of Appeals for the Federal Circuit;

WHEREAS, on February 16, 2017, Defendants responded to PDIC's Objections

("Response") (D.I. 190), asserting that the Report properly denied Plaintiff's motion to dismiss

the First Counterclaim;

WHEREAS, neither party objected to Judge Burke's recommendation to grant PDIC's

motion to dismiss the Second Counterclaim without prejudice to Defendants' ability to amend

their pleading;

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see*

*St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp.

2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.     PDIC's Objections (D.I. 189) are OVERRULED, Judge Burke's Report (D.I. 188)

is ADOPTED, and PDIC's Motion to Dismiss (D.I. 101) is DENIED as to the First Counterclaim

and GRANTED as to the Second Counterclaim (without prejudice to Defendants' ability to

amend their Second Counterclaim).

2.     PDIC argues that the Report erroneously concludes that the plain text of § 315(e)

and Federal Circuit precedent foreclose PDIC's argument on estoppel.  (Objections at 1)  PDIC

specifically objects to the Report's interpretation that § 315(e) does not estop challenges to patent

claims that are not explicitly addressed in a final written *inter partes* review ("IPR") decision.[1]

---

[1]Three IPRs are relevant to the present motion.  First, on November 15, 2013, Harmonix
filed a petition with the United States Patent and Trademark Office (the "PTO") for IPR of
claims 1, 5-6, 8-13, 15-19, and 21-23 of the '129 patent.  (Report at 2)  On May 9, 2014, the

(*Id.* at 3)  PDIC contends that § 315(e) extends estoppel to any ground that the petitioner raised

or reasonably could have raised while seeking IPR, regardless of whether that IPR results in a

final written decision as to the challenged claim.  (*Id.* at 2)

> Section 315(e)(2), the section implicated here, provides, in relevant part:

>> The petitioner in an inter partes review of a claim in a patent under
>> this chapter that results in a final written decision under section
>> 318(a), or the real party in interest or privy of the petitioner, may
>> not assert . . . in a civil action . . . that the claim is invalid on any
>> ground that the petitioner raised or reasonably could have raised
>> during that inter partes review.

As the Report explained, this section precludes a petitioner from asserting invalidity of a claim

on "any ground that the petitioner raised or reasonably could have raised during th[e] IPR

proceedings – *but only to the extent that the IPR proceeding at issue is one that 'results in a*

*final written decision' as to those claims.*"  (Report at 8) (emphasis added)  PDIC asserts that

this interpretation is inconsistent with the statute and its legislative history, because "it would

limit the estoppel to the specific invalidity grounds that are actually raised, and that the PTO

finds are sufficient to support an institution decision."  (Objections at 4)  The Court disagrees.

The Report's interpretation, which the Court adopts, clearly states that estoppel applies to "any

---

Patent Trial and Appeal Board ("PTAB") instituted review only on claims 10, 11, 22, and 23 (the
"Harmonix IPR").  (*Id.*)  Second, on April 15, 2014, Ubisoft Entertainment SA, a defendant in a
related patent infringement action brought by PDIC, filed a second IPR, seeking review of all
claims of the '129 patent (claims 1-23).  (*Id.* at 3)  The PTAB instituted review of claims 1-13,
15-18, and 21-23 on October 17, 2014 (the "Ubisoft IPR").  (*Id.*)  Last, on November 17, 2014,
two defendants in the instant case, Harmonix and Konami, filed a third IPR requesting review of
claims 14, 19, and 20, along with a motion seeking joinder with the Ubisoft IPR (the
"Konami/Harmonix IPR").  (*Id.*)  Both the request for joinder and the IPR review were denied on
June 2, 2015.  (*Id.*)  PDIC asserts, and Harmonix and EA do not appear to dispute, that EA would
be considered to be in privity with Harmonix for purposes of application of § 315(e).  (*Id.* at 8
n.9)  The Court assumes this to be the case for purposes of the pending motion.

ground the petitioner raised *or reasonably could have raised*," but only if the claim to which that ground applies is a subject of the final written decision. (Report at 8)[2] The Report's interpretation is consistent with both the statute's plain text and Federal Circuit precedent.

Regarding the plain text of the statute, § 315(e)(2) references the word "claim" twice: first as, "a claim," and second, as "the claim." The "claim" referred to in each instance, therefore, must be the same. Accordingly, in line with the Report's interpretation, for estoppel to apply under § 315(e)(2), the claim which a petitioner asserts is invalid in a civil action or ITC proceeding ("the claim") must be the same claim for which an IPR resulted in a final written decision ("a claim").[3]

Because an IPR cannot result in a final written decision unless it is instituted, *see Shaw Indus.*, 817 F.3d at 1300 ("IPR does not begin until it is instituted."), and the final written decision only addresses claims upon which IPR was instituted, *see Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1317 (Fed. Cir. 2016) (stating final written decision under "Section 318(a) only requires the Board to address claims as to which review was granted"), the Report concludes that the claim referenced in § 315(e)(2) must necessarily have been the subject

---

[2]The Court does not agree with PDIC's view that the Report limits estoppel to grounds "the PTO finds are sufficient to support an institution decision." Instead, the Report only noted that the Federal Circuit's language in *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016), "seems to suggest" that estoppel could be even more petitioner-friendly, only precluding in litigation grounds of invalidity upon which IPR was instituted. (Report at 10 n.10) The Report, however, added "[b]ut the Court need not rely on *Shaw Indus.* here, as no IPR involving Harmonix was even instituted as to these claims, and so estoppel could not possibly apply." (*Id.*)

[3]PDIC attempts to show that this interpretation is against the statute's legislative history. (Objections at 4-5) However, the passages it cites all discuss the issue of upon what grounds estoppel can be based *after IPR is instituted*. PDIC cites nothing as to Congress' intent with respect to estoppel as to claims that were challenged, but never instituted.

of an instituted review, and resulted in a final written decision, for estoppel to apply. The Court agrees. Therefore, because neither the Harmonix IPR nor the Konami/Harmonix IPR ever resulted in a final written decision as to claims 14, 19, or 20 (because no review of claims 14, 19, or 20 was ever instituted), Defendants are not estopped from asserting invalidity of those claims in their First Counterclaim. *See Synopsys*, 814 F.3d at 1316 ("[The] validity of claims for which the [PTAB] did not institute inter partes review can still be litigated in district court.").[4]

3.      PDIC also argues that the Report relies on Federal Circuit cases (*Synopsys, Shaw*, and *HP Inc. v. MPHJ Tech. Inv., LLC*, 817 F.3d 1339 (Fed. Cir. 2016)) that "decide different issues" than PDIC raises here. (Objections at 2-3) None of these cases, PDIC argues, decide the scope of statutory estoppel in litigation of invalidity grounds that were not, but *could have been, raised* in an IPR petition. (*Id.* at 3) PDIC focuses on the wrong issue. Whether or not Defendants could have raised the now-asserted invalidity grounds in their prior IPR decisions is irrelevant because, as addressed above and by the Report (Report at 9, 10 n.10), § 315(e)(2) estoppel cannot apply to claims that were never the basis for an IPR that resulted in a final

---

[4] PDIC also contends that estoppel must apply because Defendants "have never disputed, and the PTAB has already ruled," in the Konami/Harmonix IPR Decision, that Defendants reasonably could have challenged the validity of claims 14, 19, and 20 in their first IPR petition based on the same prior art cited in their First Counterclaim. (Objections at 1) As the Report recognized, in reaching its decision "the PTAB never cited to Section 315(e) at all, nor did it ever specifically state that it was applying the estoppel provision of Section 315(e)(1) in rendering those decisions." (Response at 4; Report at 10 n.11) Again, because IPR was never instituted as to claims 14, 19, or 20, these claims were never the subject of a final written decision, so estoppel does not apply, regardless of the grounds on which Defendants sought or reasonably could have sought institution of IPR.

written decision, including claims upon which IPR was never instituted.[5]


March 30, 2017

Wilmington, Delaware

HONORABLE LEONARD P. STARK

UNITED STATES DISTRICT JUDGE

---

[5]PDIC's citation to multiple district court and PTAB cases, (Objections at 8-9), all of which consider the issue of whether invalidity grounds "could have been raised," are similarly unavailing.