IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1461-LPS-CJB |
| KONAMI DIGITAL ENTERTAINMENT INC., HARMONIX MUSIC SYSTEMS, INC., and ELECTRONIC ARTS, INC. | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Princeton Digital Image Corporation's ("PDIC") request for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons given below, **IT IS HEREBY ORDERED** that PDIC's motion (D.I. 200) is **DENIED**.

1. PDIC brought lawsuits asserting infringement of U.S. Patent No. 5,513,129 ("the '129 patent") in 2012 and 2013 against two sets of defendants: Konami Digital Entertainment Inc. ("Konami"), Harmonix Music Systems, Inc. ("Harmonix"), and Electronic Arts, Inc. ("EA") in C.A. No. 12-1461; and Ubisoft Entertainment SA, and Ubisoft, Inc. (collectively "Ubisoft") in C.A. No. 13-335. The cases are proceeding together in this Court. (*See, e.g.*, D.I. 90)

2. Litigation was stayed pending inter partes review ("IPR") of the '129 patent. (D.I. 70) The '129 patent was the subject of three IPRs before the Patent Trial and Appeal Board ("PTAB"). (*See* D.I. 191 at 2 n.1) First, Harmonix filed a petition for review of claims 1, 5-6, 8-13, 15-19, and 21-23 of the '129 patent; the PTAB instituted review on claims 10, 11, 22, and 23. Second, Ubisoft sought review of claims 1-23 of the '129 patent; the PTAB instituted review

1

of claims 1-13, 15-18, and 21-23. Finally, Harmonix and Konami filed a third IPR, requesting review of claims 14, 19, and 20 and seeking joinder with the Ubisoft IPR; both requests were denied.

3. The PTAB determined that all claims that were the subject of an IPR were invalid. (*See* D.I. 202 at 2) No review of claims 14, 19, and 20 was instituted, and no final written decision concerns those claims. (*See id.*) Accordingly, when the IPRs were completed and the stay in these proceedings was lifted, PDIC amended its complaint to assert only claims 14, 19, and 20. (*See* D.I. 94 at ¶ 26) Konami then filed an answer (D.I. 96), and Harmonix and EA together filed an answer and counterclaims of, among other things, invalidity of the asserted claims (D.I. 97).

4. PDIC subsequently moved to dismiss Harmonix and EA's invalidity counterclaims on the basis that these defendants are estopped from asserting invalidity under 35 U.S.C. § 315(e)(2). (D.I. 101) Magistrate Judge Burke recommended that PDIC's motion be denied. (*See* D.I. 188 at 6-10) On March 30, 2017, the Court overruled PDIC's objections to Judge Burke's recommendation, adopted Judge Burke's report, and denied PDIC's motion to dismiss the invalidity counterclaims. (*See* D.I. 191 at 2)

5. On August 22, 2017, nearly five months after the Court's order, PDIC requested that the Court certify the order for interlocutory appeal. (D.I. 200)

6. Under § 1292(b), this Court has discretion to certify orders for interlocutory review where "exceptional circumstances" merit a departure from the final judgment rule. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Microsoft Mobile Inc. v. Interdigital, Inc.*, 2016 WL 8302609, at *1 (D. Del. June 13, 2016) ("Interlocutory appeal is

2

meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation."). An order that (i) addresses a "controlling question of law" as to which there is (ii) "substantial ground for difference of opinion" may be certified under the statute if (iii) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir. 1974). The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the District Court. *See St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 2010 WL 1213367, at *4 (D. Del. Mar. 28, 2010).

7. A controlling question of law is one that (1) "would be reversible error on final appeal" or (2) is "serious to the conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755. "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of § 1292(b)] to be a highly relevant factor." *Id.* PDIC raises an estoppel issue, one of statutory interpretation, that may affect the conduct of this litigation by limiting the invalidity defenses that Harmonix and EA can raise. However, even if Harmonix and EA are estopped from raising certain invalidity defenses – i.e., those that were raised or reasonably could have been raised under §§ 102 or 103 on the basis of patents or printed publications, *see* §§ 315(e)(2), 311(b) – they would still be able to raise other types of invalidity defenses, such as those under § 112 or those not based on patents or printed publications. Further, there may remain real questions about the estoppel status of the other defendants, Konami and Ubisoft, who have not been the subject of PDIC's motions. Thus, from a practical perspective, it is not clear how much resolution of this issue on interlocutory appeal would

3

impact the course of the litigation. Nor is it clear that the Court's order would amount to reversible error on final appeal if, for example, Defendants ultimately prevail on non-infringement or other invalidity defenses.

8. A substantial ground for difference of opinion may be present in the absence of controlling law, *see Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004), or in the presence of conflicting interpretations of the law, *see Beazer E., Inc. v. Mead Corp.*, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006). The Federal Circuit has indicated on several occasions that no estoppel attaches to claims on which the PTAB declines to institute an IPR. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016) ("The validity of claims for which the Board did not institute inter partes review can still be litigated in district court."); *see also Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1052 (Fed. Cir. 2017) ("Because a final written decision does not determine the patentability of non-instituted claims, it follows that estoppel does not apply to those non-instituted claims in future proceedings before the PTO."). PDIC does not identify any cases in which a court has found estoppel to attach with respect to non-instituted claims. Indeed, the only directly-analogous case that PDIC cites reaches the same conclusion as this Court – that there is no estoppel. *See Depomed, Inc. v. Purdue Pharma L.P.*, 2016 WL 8677317, at *8 (D.N.J. Nov. 4, 2016) ("[T]he Court finds that if a claim of a patent is not instituted in an IPR, and there is no final written decision as to that claim, the estoppel provisions of 35 U.S.C. § 315(e) do not apply."). Thus, while there may ground for differences of opinion, PDIC has not demonstrated that it is substantial.

9. Finally, the Court is not persuaded that an interlocutory appeal would materially

advance the ultimate resolution of this litigation. At most, an interlocutory appeal could affect some, but not all, of Harmonix and EA's invalidity defenses. However, Konami and Ubisoft present the same prior-art defenses. Although PDIC contends that Konami and Ubisoft are subject to estoppel under the same theory or based on privity (*see* D.I. 201 at 14; D.I. 204 at 2-3), these are open questions that the Court would have to resolve in order for the disputed prior-art defenses not to be part of the case. The case also involves infringement claims, which must be resolved regardless of the status of the prior-art invalidity defenses. Further, PDIC's delay in bringing the present motion undercuts its stated concerns about efficiency. (D.I. 201 at 14)

10. Additionally, there are no "exceptional circumstances" presented that warrant departure from the final judgment rule.

11. Accordingly, the Court concludes that the best exercise of its discretion is to deny the request to certify PDIC's issue for interlocutory appeal.

December 11, 2017
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

5