# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 12-1461-LPS-CJB ) |
| HARMONIX MUSIC SYSTEMS, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **22nd day of February, 2018.**

**WHEREAS**, Plaintiff Princeton Digital Image Corporation ("Plaintiff") has moved for relief regarding a number of discovery disputes against Defendant Konami Digital Entertainment Inc. ("Konami US"), (D.I. 227) (the "Motion"), and the Court[1] has considered the parties' briefs, (D.I. 229; D.I. 232);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion be resolved as follows:

1. With its Motion, Plaintiff raised seven different discovery disputes regarding Konami US. (D.I. 229 at 1-4) In an Oral Order issued on February 22, 2018, the Court found that Plaintiff had not sufficiently complied with Local Rule 7.1.1 and this Court's discovery dispute procedures regarding four of those issues (and part of a fifth); the Court required the parties to further meet and confer on those four and a half issues and report back to the Court by March 1, 2018. This Memorandum Order addresses the remaining two and a half issues.

---

[1] This case has been referred to the Court to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (D.I. 30)

2. The first of these issues relates to Plaintiff's request for technical documents for the accused games. (D.I. 229 at 1-2 (citing D.I. 90 at 2; D.I. 229, ex. 2 at 3 (RFP No. 1))) The Court accepts Konami US's representation that, after a diligent search, it has not located any further such documents in its possession, custody or control. (D.I. 232 at 1-2; *id.*, ex. 1 at ¶ 3; *id.*, ex. 2 at ¶ 8); *see also Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 WL 4987110, at *3 (D. Del. Sept. 16, 2016). Therefore, Plaintiff's request is DENIED AS MOOT.[2]

3. The second issue is Plaintiff's request for certain summary sales, costs and profit information related to the distribution by Konami US of each of the accused games in the United States during the six-year damages period prior to the filing of Plaintiff's original Complaint. (D.I. 229 at 2 (citing *id.*, ex. 2 at 3, 6-7 (RFP Nos. 2, 15-16, 18))) The Court understands that Konami US has already produced the additional requested information. (D.I. 232 at 2; *id.*, ex. 2 at ¶ 7) Therefore, Plaintiff's request is DENIED AS MOOT.

4. The last issue is Plaintiff's request for production of certain development, publishing, distribution, licensing and settlement agreements concerning the accused games. (D.I. 229 at 2-3 (citing *id.*, ex. 2 at 3-4, 6 (RFP Nos. 1, 3, 15))) Here, Konami US agreed to and did produce outstanding development agreements for the accused games and outstanding master distribution agreements with relevant console system manufacturers; it also agreed to search for

---

[2] To the extent that Plaintiff's reference to Konami US's interaction with "affiliated companies of the Konami group in Japan" is meant to suggest that Konami US is required to produce documents in the possession of such affiliates, (D.I. 229 at 2), there is no basis for such a conclusion. The Court has previously held that Konami US could not be compelled to produce documents in the possession of Konami US's foreign affiliates, because Plaintiff had not met its burden to show that Konami US controlled such documents. (D.I. 176) Plaintiff proffers nothing here that would alter the Court's conclusion in that regard.

any additional license and settlement agreements related to the accused games and to promptly produce them. (D.I. 232 at 2) Konami shall produce any such outstanding documents by no later than **March 7, 2018**.

*(signature)*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE