# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>KONAMI DIGITAL ENTERTAINMENT INC.,<br>HARMONIX MUSIC SYSTEMS, INC. and<br>ELECTRONICS ARTS, INC.<br><br>*Defendants*. | No. 1:12-cv-01461-LPS-CJB<br><br>JURY TRIAL DEMANDED |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UBISOFT ENTERTAINMENT SA and UBISOFT,<br>INC.<br><br>*Defendants*. | No. 1:13-cv-00335-LPS-CJB<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING THE PRODUCTION OF SOURCE CODE

This Court previously entered Stipulated Protective Orders on September 26, 2013 (Case No. 1:12-cv-01461-LPS-CJB, D.I. 51 ¶ 6, & September 27, 2013 Minute Order; Case No. 1:13-cv-00335-LPS-CJB, D.I. 25 ¶ 6 & September 27, 2013 Minute Order) in the above Actions. Pursuant to Paragraph 6 of those Orders, the parties hereby submit this Supplemental Protective Order to govern the production of any source code in this matter.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

1.    **DEFINITIONS.**

1.1     "Producer" or "Producing Party" means a person, Party, or non-party who produces information via the discovery process in this case.  "Recipient" or "Receiving Party" means a person or Party who receives information via the discovery process in this case.

1.2     "Restricted Confidential – Source Code" means confidential and highly confidential material that constitutes or describes human-readable programming language text that defines software or firmware, pseudocode, or other sensitive code (collectively, "Source Code") that has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, or would contravene an obligation of confidentiality to a person, Party, non-party, or Court.

1.3     "Designated Material" means any material that is designated "Restricted Confidential – Source Code" under this Order.

1.4     "Outside Consultant" means any person with specialized knowledge or experience in a matter pertinent to these Actions who has been retained by Counsel of Record to serve as an expert witness, or as a consultant in these Actions, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

1.5     "Professional Vendors" means any persons or entities that provide litigation support services and their employees and subcontractors who have been retained or directed by Counsel of Record in these Actions, and who are not current employees of a Party or of a

competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party.  Litigation support services include but are not limited to: photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.  Professional Vendors include ESI vendors and professional jury or trial consultants retained in connection with this litigation.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

2.    **SCOPE.**

2.1     The protections conferred by this Order cover not only material designated as "Restricted Confidential – Source Code" but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, that comprise details about how the Source Code is implemented.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's deadlines provided in any scheduling order or discovery order issued by the Court. Identification of any individual pursuant to this Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's deadlines provided in any scheduling order or discovery order.

2.2     This Order does not confer any right to any Defendant's in-house attorney to access the Designated Material of any other Defendant.  Furthermore, absent a specific agreement, no Defendant is required to produce its Designated Material to any other Defendant or Defendant's counsel, but nothing in this Order shall preclude such production. Notwithstanding the provisions of this Order, any Designated Material designated by a Defendant shall not be disclosed by the Plaintiff to any other Defendant or Defendant's counsel (except in Court filings otherwise complying with this Order) absent explicit written agreement from the producing Defendant, but nothing herein shall prohibit Counsel of Record for any party from access to complete Court filings or oral argument in Court if necessary.

3.        **MATERIAL DESIGNATED AS SOURCE CODE.**

3.1      Any Designating Party may designate as "Restricted Confidential – Source Code" any material that the party believes in good faith constitutes Source Code material and otherwise meets the requirements of Section 1.2, above.

3.2      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, material designated as "Restricted Confidential – Source Code" shall be used only for the purpose of this proceeding and not for any business or other purpose whatsoever.

3.3      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, material designated as "Restricted Confidential – Source Code" shall be disclosed, for the purpose set forth in Section 3.2, above, only to:

> (a)      Counsel of the law firms of record for the Parties in this action, and said counsel's employees, contractors and agents;
>
> (b)      Outside Consultants who have signed the attached Certification of Consultant;
>
> (c)      The Court and members of the staff of the Court;
>
> (d)      Non-party witnesses at deposition or trial who appear as the author or as the recipient on the face of the material designated as "Restricted Confidential – Source Code" to be disclosed, or who have been identified by the disclosing party as having been provided with the Designated Material for purposes of preparing the witness for, or examining or cross-examining the witness during, a deposition or trial.  The witness shall not be permitted to retain any Designated Material unless the witness is otherwise authorized to receive such material by the Producing Party.

3.4      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, material designated as "Restricted Confidential – Source Code" shall not be disclosed to more than three persons identified as Outside Consultants of the Receiving Party (including necessary employees of the Outside Consultants) to whom disclosure is reasonably necessary for

this litigation, and who have signed the "Acknowledgement and Agreement to be Bound by Supplemental Protective Order" attached hereto as Exhibit A, and the "Certification of Consultant" attached hereto as Exhibit B, with the provisions of Section 4 below being complied with prior to receiving any Designated Material.

4. **DISCLOSURE TO OUTSIDE CONSULTANTS.**

4.1     No disclosure of Designated Material to Outside Consultants shall occur until the notice and resolution of objection procedures of this Section are followed.

4.2     Notice:        If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Producing Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the Parties or any entity that either the Receiving Party or the Outside Consultant has reason to believe is an Affiliate of any of the Parties; (f) a list of other cases in which the individual has testified (at trial or by deposition) within the last four years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Acknowledgement and Agreement to be Bound by Supplemental Protective Order" attached as Exhibit A, and the "Certification of Consultant" attached hereto as Exhibit B.

4.3     Objections:      The Producing Party shall have seven (7) business days from receipt of the notice specified in Section 4.2 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission).  Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 7-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order.  However, if the Producing Party objects within the 7-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.  In the event the Producing Party

makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement.  If the parties cannot reach an agreement, the Objecting Party may, within five (5) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief.  If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting Party, whichever occurs first.  If the Objecting Party fails to file a motion for a protective order within the prescribed period the Designated Material may thereafter be disclosed to such individual.

5.    **PRODUCTION OF SOURCE CODE.**

5.1    To the extent any Party's Source Code is relevant and discoverable, this Section shall govern the production of Source Code in these Actions.  The provision of this section shall also be available for the production of Source Code by non-parties.

5.2    Source Code designated as "Restricted Confidential – Source Code" shall be made available for the Receiving Party's inspection.  Source Code designated as "Restricted Confidential – Source Code" shall be maintained by the Producing Party and made available for inspection by the Receiving Party only on a single stand-alone computer (that is, a computer not connected to any network, the Internet, or any peripheral device other than a keyboard, mouse, and monitor).  Any reasonable request for production of Source Code on additional stand-alone computers shall be considered in good faith and not be unreasonably withheld.

5.3    The stand-alone computer shall be maintained in a secured location at an office of the Producing Party's outside counsel as follows:

(a)    For Plaintiff Princeton Digital Image Corp., at an office of Plaintiff's outside counsel in New York, NY;

(b)    For Defendant Konami Digital Entertainment, Inc., at an office of Defendant's outside counsel in Los Angeles, CA;

(c)     For Defendant Harmonix Music Systems, Inc., at an office of Defendant's outside counsel in Boston, MA;

(d)     For Defendant Electronic Arts, Inc., at an office of Defendant's outside counsel in Boston, MA; and

(e)     For Defendant Ubisoft Inc., at an office of Defendant's outside counsel in Kansas City, KS.

5.4     Access to the stand-alone computer shall be controlled by reasonable physical (*e.g.*, locked doors) and electronic (*e.g.*, password or other access provisions) security measures. Use of any input/output device (*e.g.*, USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, and monitor provided by the Producing Party) with the stand-alone computer, nor shall the Receiving Party attempt to install any software on the stand-alone computer.

5.5     The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code, such as NotePad++.  At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  The Producing Party will not unreasonably deny requests to install additional specific software utilities on the stand-alone computer.  In the case where any requested software utility is not freeware or where counsel for the Producing Party lacks a working license, the Receiving Party shall provide to the Producing party a working license of the requested software utility.  The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's Source Code.

5.6     Inspection of Source Code shall be permitted during "regular business hours" (that is, weekdays 8:30 a.m. to 5:30 p.m.) on reasonable notice of at least two business days, absent exigent circumstances or otherwise agreed to by the Producing Party.

5.7    Source Code and/or documents or items designated as "Restricted Confidential – Source Code" shall be available for inspection until the close of trial.

5.8    The Receiving Party may create a back-up copy of the Source Code on the stand-alone computer.  The software installed on the standalone computer, including any searching or analytical tools, may annotate, number the lines of, and label the pages of, the back-up copy of the code.  Any back-up copies will remain on the stand-alone computer and be subject to all of the provisions of this Order.

5.9    No person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of Source Code, or documents or things designated "Restricted Confidential – Source Code" except as follows:

(a)    The Receiving Party may request portions of the Source Code reasonably necessary for these Actions to be printed.  Within three (3) business days or such additional time as necessary due to volume requested, the Producing Party shall provide the requested material on marked paper bearing bates-numbers and the legend "Restricted Confidential – Source Code," with the filename and full path of the original Source Code file printed on the header of each page.

(b)    Any printed pages of Source Code, and any other documents or things designated as "Restricted Confidential – Source Code" may be photocopied, but not digitally imaged, e-mailed, transmitted, uploaded, downloaded, photographed, or otherwise duplicated, to be provided to Outside Consultants.  Apart from such photocopies, any printed pages of Source Code, and any other documents or things designated as "Restricted Confidential – Source Code" may not be copied, digitally imaged, e-mailed, transmitted, uploaded, downloaded, photographed, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, court filings, or court presentations.

(c)     A Receiving Party that wants to use any Source Code, or other documents or things designated as "Restricted Confidential – Source Code" at a deposition may, prior to any such deposition, make only as many copies, and only of the specific pages, as it intends to actually use at the deposition.  At the conclusion of the deposition, the Producing Party (or its designee) will collect each copy of such material and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.

(d)     A Receiving Party that wants to file or submit any documents or things designated as "Restricted Confidential – Source Code" to the Court in connection with a filing may, prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the materials under seal. Unless agreed to by the Producing Party, images or copies of source code shall not be included in correspondence between the parties.

5.10    Any paper copies, documents, or things designated as "Restricted Confidential – Source Code" shall be stored or viewed only at (i) the offices of Counsel of Record for the Receiving Party; (ii) the offices of Outside Consultants who have been approved to access "Restricted Confidential – Source Code" materials; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Paper copies stored in locations (i) and (ii) shall be maintained at all times in a locked and secure area.

5.11    The Producing Party shall provide a manifest of the contents of the stand-alone computer.  This manifest, which will be supplied in electronic form, will list the name and location of every source and executable file made available for inspection on the computer.  All Source Code made available for inspection shall be organized in the same directory structure as the Source Code is kept and/or compiled in the ordinary course of business.  Further, to the

extent files for one particular version of Source Code are grouped together in a single folder in the ordinary course of the Producing Party's business, the Producing Party shall produce the Source Code in that manner.  If, for any reasons, Source Code files are not produced for review, the parties agree to promptly meet and confer over whether such missing Source Code is necessary to understand the relevant operation of the accused products and over the production of any such necessary Source Code files in a timely manner in the format described above.

5.12   The Receiving Party shall maintain a log of all Source Code files, or documents or things marked "Restricted Confidential – Source Code" that are photocopied, as well the name and address of each person who has been provided such photocopied pages.  The Producing Party shall be entitled to this log on seven business days' advance notice.  This provision shall not apply to photocopies provided to Counsel of the law firms of record for the Parties.

5.13   No Party shall physically, magnetically, digitally, optically, or otherwise copy by any means Source Code, or documents or things that another Party designated "Restricted Confidential – Source Code" subject to the exceptions enumerated above.

5.14   Outside personal electronic devices, such as phones and other handheld devices, but not laptops or other personal computers, shall be permitted in the secure room, but may not be used to store, record, or take notes regarding the source code.

5.15   The Producing Party may visually monitor the activities of the Receiving Party during any Source Code inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  The Producing Party will not interfere with any work-product or listen to other private communications between the Receiving Party reviewing the Source Code.  The Producing Party shall not undertake any effort to determine which pages or portions of source code have been reviewed.  The Producing Party shall not videotape, or otherwise record, the actual review of the source code by the Receiving Party.

6.   **<u>NO WAIVER OF PRIVILEGE</u>**.

6.1   Subject to the provisions of Federal Rule of Evidence 502, inspection of any Designated Material shall not constitute a waiver of the attorney-client privilege, work product

immunity, or any other applicable privilege or immunity.  If the Producing Party becomes aware of any inadvertent disclosure, the Producing Party may promptly designate any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity and request in writing return of such documents to the Producing Party.  Upon such request, the Receiving Party shall immediately retrieve and return or destroy all copies of such document(s).  In turn, the Producing Party shall keep a copy of the document(s) requested to be retrieved and returned or destroyed, and shall create a privilege log for all such documents requested to be returned or destroyed, regardless of the date of the document, and designate them as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, along with the appropriate identifying information.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or by otherwise presenting to the Court (if requested by the Court); provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity, and shall not refer to the content of the inadvertently-produced items.

7.   **UNAUTHORIZED DISCLOSURE**.

7.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound by Supplemental Protective Order" that is attached hereto as Exhibit A.

8.   **NON-PARTY USE OF THIS PROTECTIVE ORDER**.

8.1    A non-party that produces material voluntarily, or pursuant to a subpoena or a

court order, may designate such material in the same manner prescribed herein, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.  A non-party's use of this Protective Order to protect its "Restricted Confidential – Source Code" material does not entitle that non-party access to "Restricted Confidential – Source Code" material produced by any Party or non-party in this case.  Any non-party who is subpoenaed or whose documents or things are otherwise requested in connection with these Actions must be provided a copy of this Protective Order and be made aware of their right to production pursuant thereto.

9.    **MATERIAL SUBPOENAED IN OTHER LITIGATION**.

9.1    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in these Actions as "Restricted Confidential – Source Code," the Receiving Party must so notify the Producing Party in writing promptly and in any event at least seven business days before disclosing the information, documents or things unless said seven-day period would violate a court order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

9.2    The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Material may be affected.  If the Producing Party timely seeks a protective order, the party served with a subpoena or court order shall not produce any information designated in these Actions as "Restricted Confidential – Source Code" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's permission.  The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

in these Actions to disobey a lawful directive from another court.

10. **WAIVER OF NOTICE PROVISIONS**.

10.1     Any of the notice requirements herein may be waived, in whole or in part, but only by writing from the Counsel of Record for the Party against whom such waiver will be effective.

11. **MODIFICATION AND OBJECTIONS**.

11.1     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections.

11.2     No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.  The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

12. **JURISDICTION**.

12.1     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.  Every individual who has signed the "Acknowledgement and Agreement to be Bound by Supplemental Protective Order" attached as Exhibit A, or who receives any Designated Material, agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

13. **FINAL DISPOSITION**.

13.1     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the dismissal of an action or the issuance of both a final judgment and the mandate of the Court of Appeals following any appeal therefrom, or the expiration of the

date for taking any appeal, whichever is later, all Parties, persons, and entities (including experts and consultants) who received "Restricted Confidential – Source Code" material must return or destroy the material of any Party that is no longer a party to the action by virtue of said dismissal, said final judgment and mandate, or said expiration.

13.2    The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party by the 60-day deadline.

14.    **DURATION**.

14.1    Even after the termination of these Actions, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

<table>
<tr><td>O'KELLY ERNST & JOYCE, LLC</td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td></tr>
<tr><td>

/s/ Daniel P. Murray
Sean T. O'Kelly (#4349)
Daniel P. Murray (#5785)
901 North Market Street
Suite 1000
Wilmington, DE  19801
(302) 778-4000
sokelly@oelegal.com
dmurray@oelegal.com

</td><td>

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

</td></tr>
<tr><td>

*Attorneys for Plaintiff Princeton Digital Image Corporation*

</td><td>

*Attorneys for Defendants Konami Digital Entertainment Inc.; Harmonix Music Systems, Inc.; Electronic Arts, Inc.; Ubisoft Entertainment SA and Ubisoft, Inc.*

</td></tr>
</table>

IT IS SO ORDERED.

Dated: _____, 2018

_____
The Honorable Christopher J. Burke

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | |
| *Plaintiff*, | |
| v. | No. 1:12-cv-01461-LPS-CJB |
| | JURY TRIAL DEMANDED |
| KONAMI DIGITAL ENTERTAINMENT INC., HARMONIX MUSIC SYSTEMS, INC. and ELECTRONICS ARTS, INC. | |
| *Defendants*. | |
| PRINCETON DIGITAL IMAGE CORPORATION, | |
| *Plaintiff*, | |
| v. | No. 1:13-cv-00335-LPS-CJB |
| | JURY TRIAL DEMANDED |
| UBISOFT ENTERTAINMENT SA and UBISOFT, INC. | |
| *Defendants*. | |

**EXHIBIT A:**
**ACKNOWLEDGEMENT AND AGREEMENT**
**TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER**

I, _____ [print or type full name], of_____ hereby affirm that:

Information, including documents and things designated as "Restricted Confidential—Source Code" material, as defined in the Supplemental Protective Order entered in these Actions, will be provided to me pursuant to the terms and restrictions of the Order.

I have been given a copy of and have read the Supplemental Protective Order.

I am familiar with the terms of the Supplemental Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Supplemental Protective Order.

I agree not to use any "Restricted Confidential – Source Code" information disclosed to me pursuant to the Supplemental Protective Order except for purposes of these Actions and not to disclose any of this information to persons, other than those specifically authorized by the Supplemental Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.


DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, *Plaintiff*, v. KONAMI DIGITAL ENTERTAINMENT INC., HARMONIX MUSIC SYSTEMS, INC. and ELECTRONICS ARTS, INC. *Defendants*. | No. 1:12-cv-01461-LPS-CJB JURY TRIAL DEMANDED |
| PRINCETON DIGITAL IMAGE CORPORATION, *Plaintiff*, v. UBISOFT ENTERTAINMENT SA and UBISOFT, INC. *Defendants*. | No. 1:13-cv-00335-LPS-CJB JURY TRIAL DEMANDED |

**EXHIBIT B: CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of _____ hereby affirm that:

Information, including documents and things designated as "Restricted Confidential – Source Code" material, as defined in the Supplemental Protective Order entered in these Actions, will be provided to me pursuant to the terms and restrictions of the Order.

I have been given a copy of and have read the Supplemental Protective Order.

I am familiar with the terms of the Supplemental Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Supplemental Protective Order.

I agree not to use any "Restricted Confidential – Source Code" information disclosed to me pursuant to the Supplemental Protective Order except for purposes of these Actions, and not to disclose any of this information to persons, other than those specifically authorized by the Supplemental Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.

Pursuant to Section 4 of the attached Supplemental Protective Order, I have provided (a) my name and business title; (b) my business address; (c) my business or profession; (d) my CV; (e) any previous or current relationship (personal or professional) with any of the parties or their affiliates; (f) a list of other cases in which I have testified (at trial or by deposition) within the last four years; (g) a list of all companies with which I have consulted or by which I have been employed within the last four years; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A.

I understand that I am to retain all documents or materials designated as or containing Restricted Confidential – Source Code information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing Restricted Confidential– Source Code information are to be returned to counsel who provided me with such documents and materials.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____